GLASTONBURY VOLUNTEER AMBULANCE ASSOCIATION,
INC. *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(14720)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and PALMER, Js.

Argued September 21—decision released November 16, 1993

*Craig A. Raabe,* for the appellant (plaintiff).

*Catherine Wassel-Nasto,* commission counsel, for the appellee (named defendant), with whom, joining in the brief, was *Joel M. Ellis,* for the appellees (defendant Richard N. Bergen et al.).

BORDEN, J. The dispositive issue of this appeal[1] is whether the filing in court of an administrative appeal

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

beyond the forty-five day period provided in General Statutes § 4-183 (c)[2] of the Uniform Administrative Procedure Act (UAPA) deprives the trial court of subject matter jurisdiction over the administrative appeal. The plaintiff, the Glastonbury Volunteer Ambulance Association, Inc., appeals from the judgment of the trial court dismissing the plaintiff's appeal from a decision of the defendant freedom of information commission (commission).[3] The commission had concluded that the plaintiff is a "public agency" within the meaning of General Statutes § 1-18a (a)[4] and is therefore subject to the Freedom of Information Act, title 1, chapter 3 of the General Statutes (act).

[2] General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

[3] Also named as defendants were Richard N. Bergen and Susan G. Ellis, who are inactive members of the plaintiff association. They joined in the brief of the defendant commission.

[4] General Statutes § 1-18a provides in pertinent part: "DEFINITIONS. As used in this chapter, the following words and phrases shall have the following meanings, except where such terms are used in a context which clearly indicates the contrary:

"(a) 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, com-

The plaintiff claims that the trial court improperly dismissed its appeal because the forty-five day time period provided in § 4-183 (c) applies only to the *service* of an appeal and does not apply to the *filing* of an administrative appeal. The plaintiff also claims that, even if the time period applies to the filing of an appeal, a failure to meet that time limitation is not a matter of subject matter jurisdiction.[5] We affirm the judgment of the trial court.

The facts are undisputed. In March, 1991, Richard Bergen and Susan Ellis filed a complaint with the commission, claiming that the plaintiff had violated certain provisions of the act. In response, the plaintiff asserted that it was not a "public agency" subject to the act. After a hearing, the commission concluded that the plaintiff was a public agency within the meaning of the act and ordered the plaintiff to comply with the act.

On November 20, 1991, the commission mailed its final decision to all parties. At the plaintiff's direction, a deputy sheriff served copies of the plaintiff's appeal from the commission's final decision on all the parties on January 2, 1992, and on the same day the sheriff mailed the appeal, together with his return of service, to the clerk of the trial court. The clerk of the court received the appeal on January 9, 1992, fifty days after the mailing of the commission's decision.

mission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions."

[5] Although the plaintiff did not explicitly make this claim either in the trial court or in its brief to this court, it did so at oral argument in this court. Despite this procedural lacuna, however, it is necessary to reach the issue, because a question relating to subject matter jurisdiction must always be addressed whenever it comes to the attention of the court.

The trial court, having examined the file, determined sua sponte that its subject matter jurisdiction was in question because the plaintiff had filed the appeal beyond the forty-five day deadline provided in § 4-183 (c). After a hearing, the trial court dismissed the appeal for lack of subject matter jurisdiction. This appeal followed.

The plaintiff does not dispute that the UAPA governs its right to appeal from the decision of the commission.[6] Nor does the plaintiff dispute that, prior to the amendments to the UAPA in 1988, the failure to file an appeal within the time period set by § 4-183 deprived the trial court of subject matter jurisdiction. *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550, 489 A.2d 368 (1985). The plaintiff claims, however, that the amendments to § 4-183 enacted by the legislature in 1988; see Public Acts 1988, No. 88-317, § 23; eliminated the forty-five day period for filing an appeal and substituted therefor the general return of process provisions of General Statutes §§ 52-48[7] and 52-46a.[8] Specifically, the plaintiff argues that the forty-five day requirement applies only to the service of the appeal

---

[6] General Statutes § 1-21i (d) provides in pertinent part: "Any party aggrieved by the decision of said [freedom of information] commission may appeal therefrom, in accordance with the provisions of section 4-183."

[7] General Statutes § 52-48 provides: "RETURN DAY OF PROCESS. (a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. The return day in any summary process action may be any week day, Monday through Saturday, except a holiday.

"(b) All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."

[8] General Statutes § 52-46a provides: "RETURN OF PROCESS. Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day."

because, in the first sentence of § 4-183 (c), the legislature used the word "shall" before the word "serve" but not before the word "file." We disagree.

Twice recently we have stated that § 4-183 (c), as revised in 1988, requires that an appeal be filed within the forty-five day period. "Section 4-183 (c), as revised by [Public Acts 1988, No. 88-317] changed the time period to forty-five days for both the filing of an administrative appeal and the service of the appeal upon all parties of record." *Raines* v. *Freedom of Information Commission,* 221 Conn. 482, 487, 604 A.2d 819 (1992). "Section 4-183 (c) provides, in general terms, that an administrative appeal must, within forty-five days of delivery of the final decision to the person appealing, be filed with the court and served on the agency or the attorney general and on each party listed in the decision." *Tolly* v. *Department of Human Resources,* 225 Conn. 13, 19, 621 A.2d 719 (1993). Although the precise issue presented in this case was not before us in those cases, upon plenary consideration of the issue now before us, we conclude that our previous dicta were correct.

The plain language of § 4-183 (c), read in the light of ordinary rules of English grammar and sentence structure, compels the conclusion that both the filing and the service of the appeal must be accomplished within the forty-five day period. The first sentence of the section begins with the adverbial phrase, "[w]ithin forty-five days after mailing of the final decision." The subject of the sentence is "person." Two verbs then follow: "serve" and "file." "Serve" is preceded by "shall," but "file" is not. The plainly evident intent, however, is that "shall" is to be read together with both "serve" and "file," and that the adverbial phrase, "within forty-five days," modifies both verbs. This conclusion becomes even clearer upon reading the second sentence, which begins with the adverbial phrase,

"[w]ithin that time." Thus, throughout the first two sentences there is an emphasis on completion of required acts within forty-five days.

The conclusion that § 4-183 (c) requires both the filing and the service of the appeal within the forty-five day period is buttressed by its legislative history. Section 4-183 (c) is the outgrowth of the fact that "[i]n 1988, the legislature enacted a comprehensive revision of the UAPA, based upon recommendations made after nearly three years of study and review by the Connecticut law revision commission." *Tolly* v. *Department of Human Resources,* supra, 26. With only slight alteration, § 24 of the bill proposed by the law revision commission ultimately became General Statutes § 4-183 (c). Compare 1987 Thirteenth Annual Report of the Connecticut Law Revision Commission to the General Assembly, March, 1988, p. 63 (law revision commission report). The commentary to § 24 of the proposal makes clear not only that service must be made within forty-five days, but that "[t]he appeal must also be filed in the court within forty-five days." Law revision commission report, p. 39. There is nothing in the committee hearings or floor debate on Public Acts 1988, No. 88-317 to suggest that the legislature intended to depart from this earlier and clearly expressed intent.

Indeed, the plaintiff's argument that the legislature intended to incorporate into § 4-183 (c) the return of process provisions of §§ 52-48 and 52-46a finds no support in either the language or the legislative history of § 4-183 (c). Moreover, the plaintiff's argument is contrary to the general intent of Public Acts 1988, No. 88-317, namely, "to simplify and make more fair the process of appealing an agency decision under the UAPA." *Tolly* v. *Department of Human Resources,* supra, 29–30.

Having concluded that § 4-183 (c) requires the filing of an appeal within the forty-five day time period, we turn to the question of whether the 1988 legislative amendments to the UAPA reversed the prior law that a failure to meet that time limitation deprives the trial court of subject matter jurisdiction over the appeal. See *Rogers* v. *Commission on Human Rights & Opportunities,* supra. We conclude that the amendments did not change the existing law, so that a failure to meet the time limitation remains a subject matter jurisdictional defect.

In analyzing whether a statutory time limitation affects the right to appeal, we look to whether the legislature intended the time limitation to be jurisdictional. The legislative intent is to be discerned by reference to the language of the statute, its legislative history and surrounding circumstances, the policy the limitation was designed to implement, and the statute's relationship to the existing legislation and common law principles governing the same subject matter. *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 764, 628 A.2d 1303 (1993). In light of the strong presumption in favor of jurisdiction, "we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar." Id., 765.

We conclude that such a showing has been made in this case. The legislature intended the forty-five day time limitation for filing of an appeal under the UAPA to remain a prerequisite to subject matter jurisdiction. Our conclusion is supported by the language of the statute, particularly in light of its jurisprudential background and legislative history.

Prior to the 1988 amendments, which took effect July 1, 1989, General Statutes (Rev. to 1989) § 4-183 (b) provided: "Proceedings for such appeal shall be insti-

tuted by filing a petition . . . within forty-five days after mailing of the notice of the final decision of the agency . . . ."[9] That language had been held to limit subject matter jurisdiction. *Rogers* v. *Commission on Human Rights & Opportunities,* supra. Although the 1988 amendments that resulted in § 4-183 (c); see footnote 2; changed the terminology from "petition" to "appeal," and rearranged the sentence structure for purposes of clarity, those linguistic differences are too slight to convince us that the legislature intended to change the law regarding the consequence of a failure to meet the statutory deadline.

Our conclusion is reinforced by the second sentence of § 4-183 (c), which provides that a failure to make timely service "on parties other than the agency . . . shall not deprive the court of jurisdiction over the appeal," together with the provision in § 4-183 (d) that "[i]f the failure to make service causes prejudice . . . to the agency, the court, after hearing, may dismiss the appeal."[10] We resolved the apparent conflict between these two provisions by reading the language

[9] General Statutes (Rev. to 1989) § 4-183 (b) provided: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[10] General Statutes § 4-183 (d) provides: "The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the clerk of the court an affidavit, or the sheriff's return, stating the date and manner in which a copy of the appeal was served on each party and

of § 4-183 (c) "as imposing a time limitation with respect to subject matter jurisdiction. If there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c), read against the background of the preexisting law." *Tolly* v. *Department of Human Resources,* supra, 28. If there is merely an arguable defect in the process timely served on the agency, however, "the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissable only upon a finding of prejudice to the agency." Id., 28–29.

The point of this analysis is that the legislature, in amending the UAPA in 1988, certainly was aware of the need to amend the prior law regarding subject matter jurisdiction, and enacted amendments applicable to appeals that were either untimely served on parties other than the agency or timely served on the agency but pursuant to defective process. Id., 27–29. The legislature's failure to include in this amendment, or in the debate leading to its enactment, any reference to an untimely filed appeal compels the inference that it intended to leave in place the prior law in that regard.

This inference is strengthened by the fact that the proposal emanating from the law revision commission that became Public Acts 1988, No. 88-317 was "the result of numerous meetings between administrative law experts, including representatives of the state agencies, the Attorney General's Office, and legal practitioners." Law revision commission report, p. 5. Given the makeup of the advisory drafting committee of the commission, we must presume that, when the commis-

---

on the agency that rendered the final decision, and, if service was not made on a party, the reason for failure to make service. If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal."

sion reported to the legislature that "[t]he appeal must also be filed in the court within forty-five days"; law revision commission report, p. 39; the commission was aware of the jurisdictional implications of that requirement.

The judgment is affirmed.

In this opinion the other justices concurred.