[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The court notified the parties through their counsel of a question of the court's subject matter jurisdiction. The court scheduled a hearing on May 2, 1994, to allow counsel to present argument and evidence on the issues. Counsel for the plaintiff and defendant department of liquor control appeared and were heard.
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. [Castro v.Viera], 207 Conn. 420, 429 (1988). General Statutes § 4-183(a) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. [Glastonbury Volunteer Ambulance Association,Inc. v. Freedom of Information Commission et al],227 Conn. 848 (1993). CT Page 4785
In this case, the record indicates that the department's decision was mailed on April 27, 1993. The court's file indicates that the appeal was filed in the superior court in Litchfield on June 22, 1993. That is the fifty-sixth day after the mailing of the agency's final decision. Since the appeal was not filed in court within the forty-five day time period prescribed by statute, the court lacks subject matter jurisdiction.
The appeal is dismissed.
MALONEY, J.