[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant liquor control commission denying its application for a care permit. Prior to scheduling a hearing on the merits of the appeal, the court held a hearing on the question of its jurisdiction under General Statutes § 4-183. Both parties subsequently filed memoranda of law.
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal.Castro v. Viera, 207 Conn. 420, 429 (1988). General Statutes § 4-183 (a) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision. . .or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction.Glastonbury Volunteer Ambulance Association, Inc. v.Freedom of Information Commission et al, 227 Conn. 848
(1993).
In the present case, the date of the commission's final decision is July 22, 1993. In its petition on appeal, the plaintiff states, "on or about July 27, 1993, the Liquor Control Commission denied the application. . . ." The office of the clerk of this court in the judicial district of New Haven at New Haven stamped the appeal as filed in that court on September 27, 1993. That is the sixty-seventh day .after July 22, the date of the commission's decision, and it is the sixty-second day after July 27, the date alleged in the plaintiff's petition.
The plaintiff argues that it complied with the provisions of § 52-48 (b). That statute, however, is not relevant to the issue before the court; namely, whether CT Page 5658 there was compliance with § 4-183 (a).
The plaintiff next argues that there is no evidence in the record as to when the mailing or delivery of the decision occurred. The court disagrees. The statement in the plaintiff's appeal concerning the date of July 27, which is a judicial admission, clearly indicates that the plaintiff had received the decision on or before that date. The date actually shown on the decision, five days earlier, is consistent with the inference that the plaintiff received the decision on July 27. Furthermore, the plaintiff has not put forth by way of affidavit, offer of proof, or even allegation that it received the decision on a date later than July 27.
Finally, the plaintiff urges the court to take judicial notice that the New Haven clerk's office "frequently" fails to file-stamp documents until a few days after they have been deposited in the clerk's mail box. Counsel attached to his brief a copy of his cover letter, dated September 22, 1993, to prove that the clerk's office received the appeal earlier than September 27. There is no basis for the court to take judicial notice of dilatory filing practices in the clerk's office. Furthermore, even if the appeal had been filed in the clerk's office on the day counsel says he mailed it, the filing would still have been late.
The court is required to indulge every presumption favoring its jurisdiction. In this case, however, the date of the decision, the date alleged in the plaintiff's petition on appeal, and the filing date stamped on the appeal by the court, all tend to prove that the appeal was not filed within forty-five days after the decision was mailed or delivered. And, as indicated, the plaintiff has made no offer of proof to contradict the necessary inference. In this regard, the court notes that the plaintiff had an opportunity at the hearing on this issue to introduce evidence, but it did not do so. The court finds that the appeal was not filed within forty-five days after the mailing of the final decision, or if it was not mailed, within forty-five days after it was delivered to the plaintiff. Accordingly the court lacks subject matter jurisdiction under § 4-183 (a). CT Page 5659
The appeal is dismissed.
MALONEY, J.