[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION — MOTION TO DISMISS
The plaintiffs appeal a decision of the defendant state board of labor relations dismissing their complaint against the defendant state department of corrections. The department of corrections now moves to dismiss this appeal on the ground that the court lacks subject matter jurisdiction. The court finds the issues in favor of the defendants.
The issue presented by the defendant's motion is whether the plaintiffs filed their appeal in this court within the forty-five day time period allowed by statute.
The court held a hearing on the motion. At the hearing, the parties appeared by counsel and the defendant department of corrections introduced in evidence a certified copy of a U.S. Postal Service return receipt indicating delivery of the department of labor's final decision to the plaintiffs' counsel on January 3, 1994. No other evidence was adduced at the hearing on the defendant's motion. The record of the administrative proceedings, however, contains a copy of the board's final decision and a copy of the board's letter transmitting that decision to the parties. These documents are before the court for consideration in deciding the issues. Both documents bear the date of December 30, 1993, a Thursday. CT Page 1078 Friday, December 31, 1993, was a state holiday.
The court's file indicates by date stamp that the appeal was filed in the court on Tuesday, February 15, 1994. Monday, February 14, 1994, was not a holiday.
Based on the evidence summarized above, the court finds that the board mailed its final decision from its headquarters in Wethersfield to the parties on Thursday, December 30, 1993. Since the board is a state agency, it is highly unlikely that the employees responsible for mailing the decision would have been present at work to do so on Friday, December 31, a state holiday, or on the Saturday or Sunday following. It is also highly unlikely that the mailing was on Monday, January 3, 1994, since that is the day it was received by plaintiffs' counsel in Hartford.
The forty-fifth day after December 30, 1993, is February 13, 1994. That day was a Sunday. In accordance with General Statutes § 51-347c, the day for filing documents otherwise due on that Sunday was the following Monday, February 14, 1994.
General Statutes § 4-183(c) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation, Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
In the present case, the court has found that the forty-five day statutory deadline, adjusted for the Sunday court closing, fell on Monday February 14, 1994. The appeal was filed on February 15, 1994, one day late. Given these facts, the court must, regrettably, determine that it lacks jurisdiction to hear the plaintiffs' appeal
The defendant's motion to dismiss is granted. MALONEY, J. CT Page 1079