[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Stephen Grippen appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues CT Page 11853 in favor of the defendant board.
Before addressing the merits of the plaintiff's appeal, a review of the record and the court file indicates a jurisdictional question that must be resolved. The board transmitted its final decision to the plaintiff on January 27, 1995. According to the deputy sheriff's return of service, which is in the court file, the plaintiff served the board with a copy of the appeal on March 8, 1995. According to the date stamp on the appeal, affixed by the clerk of the New Haven Superior Court, however, the appeal was not filed in that court until April 4, 1995. That is the sixty-seventh day after the mailing of the final decision.
General Statutes § 4-183 (c) provides that an appeal of an administrative decision must be filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury VolunteerAmbulance Association, Inc. v. Freedom of InformationCommission et al, 227 Conn. 848 (1993).
This requirement concerning the time for filing the appeal is in addition to the requirement for service of process, so even if the appeal is served within the forty-five day period, as occurred here, it must also be filed in court within that period. Since the appeal was not filed within the statutory time limitation, the court lacks subject matter jurisdiction.
Even if the court had jurisdiction, the facts and circumstances of this case afford no basis for sustaining the plaintiff's appeal. The undisputed facts that were the express basis of the board's decision were that the plaintiff, after consuming some beer, was demonstrating his handgun to a friend. While he was handling it, the gun discharged, wounding his friend. When the police interviewed him, the plaintiff misrepresented what had occurred, only changing his story the following day as the true facts emerged. CT Page 11854
General Statutes § 29-35 prohibits anyone from carrying a pistol or revolver outside his or her home or business without a permit issued pursuant to § 29-28. That statute sets forth the criteria and procedure for obtaining a permit to carry a handgun. It is a two-step procedure under which the applicant first obtains from the appropriate local official a permit to carry a pistol in his or her town of residence and then obtains a state-wide permit from the state police, acting in behalf of the commissioner of public safety. The statute provides, in relevant part, that the local official will grant the permit "provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry . . . other than a lawful use and that such person is a suitableperson to receive such permit." (Emphasis added.) The statute provides no criteria for issuance of the state-wide permit by the state police but provides, merely, that the "commissioner may, upon application, issue to any holder of any [local] permit, a permit to carry a pistol or revolver within the state."
General Statutes § 29-32 establishes the summary procedure by which either the local authority or the commissioner may revoke a permit. "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit" of a felony or specified misdemeanor (not applicable in this case).
General Statutes § 29-32b(b) sets forth the standards for the defendant board to follow in reviewing a revocation of a permit by the local authority or the commissioner. "On such appeal the board shall inquire into and determine the facts, de novo, and unless it finds that such . . . revocation . . . would be for justand proper cause, it shall order such permit to be . . . restored. . . ." (Emphasis added.)
As the board indicates in its decision, and argues in its brief to this court, it considers that a determination that an individual is not "a suitable person," in the language of § 29-28, is just and proper cause for revocation of a permit under § 29-32. The court CT Page 11855 agrees. The question posed by the plaintiff's appeal, therefore, is whether the board's determination that the plaintiff is not a "suitable person" to hold a permit to carry a gun outside the home or business should be reversed.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988).
In the present case, the undisputed evidence before the board and cited in its decision plainly shows that the plaintiff was careless in the use of a handgun with the result that another person sustained personal injury. In the light of that evidence, the court concludes that the board's decision affirming the revocation of the plaintiff's gun permit was not unreasonable, arbitrary, or in abuse of its discretion. Pursuant to General Statutes § 4-183 (j), therefore, the court would have to affirm the board's decision.
For all of the reasons set forth above, the appeal is dismissed.
MALONEY, J.