[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Carl R. Blume appeals the decision of the defendant commissioner of social services denying the plaintiff Title XIX Medicaid benefits. The plaintiff appeals pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., and, in particular § 4-183. The court concludes that the case must be dismissed for lack of subject matter jurisdiction.
The court's review of the file and the record in this case indicated that there existed a question of its jurisdiction as a result of the delay between the commissioner's decision and the filing of the appeal. Accordingly, in its notice to the parties of the date scheduled for oral argument on the appeal, the court requested that the parties be prepared to address that issue. The defendant commissioner subsequently filed a memorandum of law on CT Page 1621 the subject, urging the court to dismiss the appeal. Neither plaintiff nor his counsel appeared for oral argument on the date scheduled, March 5, 1996. Accordingly, the court, with the consent of the defendant commissioner, decides the case on the basis of the parties' briefs, the court's file and the administrative record.
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988). Section § 4-183 (c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury VolunteerAmbulance Association, Inc. v. Freedom of Information Commissionet al, 227 Conn. 848 (1993).
In the present case, the certified mail receipt, which is in the administrative record, shows that the commissioner's final decision was mailed to the plaintiff on May 30, 1995. The court's file on the appeal shows that the appeal was filed in the office of the clerk of the Superior Court at Meriden on July 31, 1995. That is the sixty-second day after the mailing of the final decision, beyond the forty-five day limit prescribed by §4-183. In accordance with the statute and the decision in theGlastonbury Volunteer Ambulance Association, Inc. case, therefore, the court lacks subject matter jurisdiction.
The appeal is dismissed.
Maloney, J.