[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Maximino Rivera appeals a decision of the defendant department of public health and addiction services suspending the plaintiff from participation in the Connecticut Farmers' Market/Women, Infants and Children Program. The plaintiff appeals pursuant to General Statutes § 4-183. The defendant department moves to dismiss on the basis that the court lacks subject matter jurisdiction. The court finds in favor of the defendant department.
The court finds the following facts. The department mailed its final decision suspending the plaintiff from the program on June 10, 1996. That date is established by the affidavit of Kathie Pirolo, the department's Hearing Liaison.
The affidavit is attached to the department's motion in accordance with Practice Book § 143. The plaintiff has not presented any evidence to the contrary. The plaintiff filed his appeal with the clerk of this court on July 30, 1996. That date is established by the clerk' s date stamp on the copy of the appeal in the court's file. July 30 is the fiftieth day after June 10. CT Page 5495-QQQ
General Statutes § 4-183 (c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
In the present case, the plaintiff filed his appeal beyond the forty-five day time limit allowed by § 4-183. The court lacks subject matter jurisdiction over the appeal, therefore.
The appeal is dismissed.
MALONEY, J.