[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 2, 1996
Plaintiff Beverly Welch appeals a decision of the defendant commission on human rights and opportunities dismissing the plaintiff's complaint of employment discrimination against defendant Hebrew Home and Hospital, Inc. The plaintiff appeals pursuant to General Statutes §§ 46a-94 and 4-183. Before the court is the motion of the defendant commission to dismiss for lack of subject matter jurisdiction. The court finds in favor of the defendant commission.
The facts essential to the court's decision are not in dispute and are established by an affidavit attached to the commission's brief and by review of the court's file on the appeal. The commission mailed its decision dismissing the complaint to the plaintiff on March 5, 1996. The plaintiff did not request reconsideration of that decision. Instead, the plaintiff filed this appeal with the clerk of the Superior Court in Hartford on May 3, 1996. That was the fifty-ninth day after the mailing of the final decision. CT Page 6308
General Statutes § 4-183 (c) provides that an appeal of an administrative decision must be served on all parties of record and filed in the Superior Court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation, Inc. v. Freedom of Information Commission et al,227 Conn. 848 (1993).
It is undisputed that the appeal in this case was not filed in the court within the forty-five day time limit. The plaintiff contends, however, that the time period is extended by the statement in the commission's decision that she could apply for reconsideration within fifteen days after the date of the decision. She argues that the commission's decision did not become final until after the expiration of the time during which she could request reconsideration.
The plaintiff's argument may not be sustained. There is nothing in the commission's decision to indicate that it is not final. The first paragraph states that the complaint "has been closed today as `Dismissed for No Reasonable Cause — On The Merits.'" The decision then informs the plaintiff about the procedure for requesting reconsideration. The last paragraph of the decision states that the plaintiff may appeal directly to the Superior Court "instead of filing a timely request for reconsideration." The decision then warns the plaintiff that if she chooses to appeal without first requesting reconsideration, her appeal "must strictly comply with all of the applicable statutory procedures, requirements and time frames." (Emphasis added). These provisions of the decision clearly indicate that it is a final decision and that an appeal to the court in lieu of a request for reconsideration by the commission must comply with the applicable statute, which is § 4-183(c).
Since the appeal was not filed within the time prescribed by law, the court lacks jurisdiction over it. Accordingly, the appeal is dismissed.
MALONEY, J. CT Page 6309