[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Town of South Windsor appeals a decision of the defendant freedom of information commission finding the plaintiff in violation of the state's freedom of information statutes relating to public meetings, specifically in this case the town's inland wetlands agency. The plaintiff appeals pursuant to General CT Page 9964 Statutes § 4-183. Presently before the court is the question of the court's jurisdiction under subsection (c) of § 4-183.
The court must fully resolve any jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988). Section § 4-183(c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury VolunteerAmbulance Association, Inc. v. Freedom of Information Commissionet al, 227 Conn. 848 (1993).
In the present case, it is undisputed that the commission mailed the final decision to the plaintiff on November 1, 1995 and that the plaintiff filed its appeal in this court on January 12, 1996. The appeal was filed, therefore, on the seventy-second day after the mailing of the decision, well beyond the statutory deadline. For that reason, in accordance with the rule enunciated in the Glastonbury Volunteer Ambulance decision, supra, the court lacks subject matter jurisdiction.
The appeal is dismissed.
MALONEY, J.