[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Hunter's Ambulance Service, Inc. appeals the decision of the defendant office of emergency medical services of the state department of public health and addiction services granting the application of defendant CT Page 375-I American Ambulance Service, Inc. to expand its existing licensed ambulance service. The plaintiff appeals pursuant to General Statutes § 4-183. Presently before the court is the defendant department's motion to dismiss.
In its motion, the department advances a number of arguments contesting the court's subject matter jurisdiction. The court has conducted its own review of the record in the case and determines that the appeal must be dismissed for reasons independent of those asserted by the defendant.
The facts essential to the court's decision are not in dispute. The defendant department rendered the final decision that is the subject of this appeal on August 21, 1996. Although the record thus far compiled does not indicate the date the department mailed the decision in accordance with § 4-180, it is reasonable to presume that it was mailed within a reasonable time after August 21. The plaintiff filed this appeal in the court on January 8, 1997, one hundred and forty days after the issuance of the final decision.
General Statutes § 4-183 (c) provides that a copy of CT Page 375-J an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation, Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
In the present case, the court finds that it is more likely than not that the appeal was not filed in the court within the forty-five day period required by the law. Accordingly, the court lacks subject matter jurisdiction over the appeal. In reaching this conclusion, the court accepts the plaintiff's contention that the reference in the complaint to subsection (b) of § 4-183 should be overlooked as essentially a typographical error. Implicit in the court's conclusion is that the plaintiff brings the appeal pursuant to subsection (a) of the statute.
In view of the court's findings and conclusion on the issue of timeliness, it is not necessary to consider CT Page 375-K the other issues raised by the defendant in its motion to dismiss.
The appeal is dismissed.
MALONEY, J.