[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases involve challenges by the Plaintiff spouses to Fair Hearing Officer decisions delaying the effective date of their Title XIX Medical Assistance to reflect a penalty period for a transfer of assets.
The Fair Hearing Officer's decisions in each case were mailed to the Plaintiff, on May 26, 1995. [R. p. 12. receipt for certified mailed.] The plaintiffs served their appeals on the Respondent Commissioner of the Department of Social Services on, Monday, July 10, 1995. The appeals were filed on Wednesday, July 12, 1995.
The court must fully resolve any jurisdictional question before considering the merits of the appeal. Castro v. Vierce,207 Conn. 420, 429 (1985). General Statutes § 4-183 (c) provides that a copy of an administrative appeal must be served on all parties of record and filed in the superior court "[w]ithin forty-five days after mailing of the final decision. . . ." The failure to file an appeal within the forty-five day time period deprived the court of subject matter jurisdiction. Rogers v. CHRO, 195 Conn. 543, 550 (1985);Glastonbury Volunteer Ambulance Association, Inc. v. FOIC,227 Conn. 848, 854 (1993). Glastonbury, supra, specifically addressed an analogous fact situation with service but not filing within forty-five days. The plain inescapable language of 4-183 (c) indicates that the forty-five days runs from the date of mailing, not receipt of notice. CT Page 1148
The Appeals in both cases were not filed within forty-five days of May 26, 1995.
The Appeals are dismissed.
McWeeny, J.