[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 8, 1997
On April 19, 1996, the plaintiff, Linda Ayres, filed a discrimination complaint with the Connecticut Commission on Human Rights and Opportunities [CHRO], against the defendant, John Letizia.[1] The defendant is an attorney who represented the plaintiff's former employer and its insurance carrier during the CT Page 12487 plaintiffs workers' compensation proceeding.
By letter dated October 15, 1996, the CHRO dismissed the plaintiffs complaint because "[t]here is no evidence that you have been discriminated against due to your physical disability."
On October 28, 1996, the plaintiff requested that the CHRO reconsider the dismissal. On January 31, 1997, the CHRO denied the plaintiff's request to reconsider.
On or about March 14, 1997, the plaintiff made service of her appeal upon the CHRO. On March 27, 1997, the plaintiff filed this appeal in the superior court for the judicial district of Fairfield at Bridgeport.
On May 1, 1997, the defendant filed a motion to dismiss the plaintiff's appeal on the ground that the court lacks subject matter jurisdiction because the appeal was not commenced within 45 days of the final CHRO action as required by General Statutes §§ 46a-94a and 4-183. On May 16, 1997, and on May 19, 1997, the plaintiff filed objections to the defendant's motion. Curiously, one of the defendants named in this appeal, the CHRO, filed an objection to the defendant's motion to dismiss.[2] The defendant's motion to dismiss is now before the court.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original: internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Subject matter jurisdiction "is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . ." (Brackets omitted.)Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845
(1996). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question." GlastonburyVolunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 851,633 A.2d 305 (1993). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . ." (Citations omitted; internal quotation marks omitted.) Federal Deposit Insurance Corp. v.CT Page 12488Peabody N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
General Statutes § 46a-83 (e) provides that "[i]f the investigator issues a finding of no reasonable cause or if the complaint is dismissed (1) for failure to state a claim for relief, (2) because it is frivolous on its face or (3) because there is no reasonable possibility that investigating the complaint will result in a finding or reasonable cause, the complainant may request reconsideration of such finding or dismissal with the commission not later than fifteen days from the issuance of such finding or dismissal. The commission shall reconsider or reject within ninety days of the issuance of such finding or dismissal . . ."
General Statutes § 46a-94a(a) provides that "[t]he Commission on Human Rights and Opportunities, any respondent or any complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint by the commission may appeal therefrom in accordance with section4-183 . . ."
General Statutes § 4-183 (c) provides that "[w]ithin forty-five days after mailing of the final decision under section4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the Superior Court . . ."
The defendant relies on CHRO v. Windsor Hall Rest Home,232 Conn. 181, 653 A.2d 181 (1995), wherein the court stated, "[t]he failure of a party to file an administrative appeal under the UAPA within the forty-five days required by § 4-183 (c) deprives the trial court of subject matter Jurisdiction over the appeals . . . Moreover, the filing of a petition for reconsideration of an agency decision does not toll the running of the forty-five day time limit . . ." Id., 187. Accordingly, the defendant makes the following argument. The CHRO dismissed the plaintiffs discrimination charge by letter dated October 15, 1996. The request for reconsideration filed by the plaintiff on October 28, 1996 did not toll the running of the 45-day appeal period. The plaintiff did not commence her appeal to the superior court until March 10, 1997.[3]
CT Page 12489
Therefore, the plaintiff's appeal is untimely, and must be dismissed.
The plaintiff and the CHRO respond that when a request to reconsider a dismissal is timely filed, the dismissal does not become a final decision until the CHRO either denies reconsideration or reconsiders the appeal, therefore, the forty-five day appeal period does not begin to run until the CHRO denies reconsideration. In support of this argument, the plaintiff relies on a line of Superior Court cases that distinguish CHRO v. Windsor Hall Rest Home, and hold that the forty-five period contained in § 4-183 (c) begins to run from the date that the CHRO denies a complainant's request to reconsider. See Hackett v. CHRO, Superior Court, judicial district of Waterbury, Docket No. 122312, 14 CONN. L. RPTR. 11 (March 29, 1995) (W. Sullivan, J.) (In Hackett, the court was presented with this exact issue, the court distinguished CHRO v.Windsor Hall Rest Home, and held that "when a timely request for reconsideration is filed under General Statutes § 46a-83[e] from a finding of no reasonable cause, the final decision for the purposes of General Statutes § 4-183 and General Statutes § 46a-94a is the agency's decision denying a request for reconsideration under General Statutes § 46a-83"); see alsoThomson v. CHRO, Superior Court, judicial district of New Haven, Docket No. 380089 (December 26, 1995) (Booth, J.) ("The court holds that when reconsideration has been requested the dismissal [of a CHRO complaint due to a finding of no reasonable cause] does not become final until the agency has either denied reconsideration or reconsidered the appeal"); Studwell v. CHRO,
Superior Court, judicial district of Waterbury, Docket No. 122314, 14 CONN. L. RPTR. 421 (July 11, 1995) (W. Sullivan, J).
However, assuming arguendo that the forty-five day appeal period begins to run from the denial of a request to reconsider, as the plaintiff contends, the plaintiff has still failed to commence her appeal within forty-five days from the denial of her request for reconsideration. General Statutes § 4-183 (c) requires that the plaintiff "shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the Superior Court . . ." (Emphasis added.) General Statutes § 4-183 (c) requires "that both the filing and the service of the appeal must be accomplished within the forty-five day period." Glastonbury Volunteer Ambulance Ass.,Inc. v. FOIC, supra, 227 Conn. 852. Moreover, the failure to CT Page 12490 satisfy § 4-183 (c) deprives the court of subject matter jurisdiction. Id., 854-55. In the present case, the CHRO denied the plaintiffs request for reconsideration on January 31, 1997. Thereafter, the plaintiff made service upon the CHRO on or about March 14, 1997, within 45 days of the CHRO's denial of reconsideration on January 31, 1997. However, the plaintiff did not file her appeal in the superior court until March 27, 1997, fifty-five days after the CHRO denied her request for reconsideration on January 31, 1997. Thus, even if the court assumes that the forty-five day appeal period began to run on January 31, 1997, the plaintiff still filed her appeal too late. The plaintiff having failed to satisfy § 4-183 (c), the court lacks subject matter jurisdiction over this appeal.
Accordingly, the defendant's motion to dismiss is granted.
Skolnick, J.