[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff filed a complaint of employment discrimination in February of 1994. The CHRO dismissed his complaint pursuant to General Statutes § 46a-83 merit assessment review. Plaintiff requested reconsideration which was denied by the CHRO on October CT Page 11338 8, 1996, on which date notice of the Rejection of Reconsideration decision was mailed.
Plaintiff is entitled to appeal such an adverse CHRO decision under General Statutes § 46a-94a which provides that an appeal may be taken in accordance with General Statutes §4-183. (Uniform Administrative Procedures Act 1 (UAPA) §§4-166, et seq.)
Section 4-183 requires an appellant to both serve a copy of the appeal on the agency and file the appeal with the court within forty-five days of the mailing of the final decision. Plaintiff has failed to serve the agency at all and did not file this appeal until June 17, 1997.
In interpreting § 4-183 our Supreme Court has indicated that a failure to comply with either forty-five day requirement deprives the Superior Court of jurisdiction over the administrative appeal. Glastonbury Volunteer Ambulance Assn.,Inc. v. FOIC, 227 Conn. 848, 852-53 (1993).
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687 (1985).
The motion to dismiss is granted. This appeal is dismissed.
Robert F. McWeeny, J.