[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff brings this appeal under the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§4-166 et seq. and 4-183 from a decision of the Connecticut Human Rights and Opportunities Commission ("CHRO").
The plaintiff was notified of the CHRO's final decision on his employment discrimination complaint on March 17, 1997. (See Affidavit of Jewel E. Brown]. The file indicates the plaintiff's CT Page 1348 complaint though dated December 8, 1997 was not filed until May 12, 1998. Either date would be untimely under General Statutes § 4-183 (c).
The UAPA requires that appeals from state agency decision be filed as follows:
 Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal. . . . General Statutes § 4-183 (c).
Not surprisingly, the Connecticut Supreme Court has concluded, the plain language of § 4-183 (c), read in the light of ordinary rules of English, grammar and sentence structure, compels the conclusion that both the filing and the service of the appeal must be accomplished within the forty-five day period. Glastonbury Volunteer Ambulance Assn., Inc. v. FOIC,227 Conn. 848, 852 (1993). That decision also recognized that the failure to timely file and serve an administrative appeal deprives the superior court of jurisdiction.
Accordingly, the court is without jurisdiction over the appeal and thus is unable to address the plaintiff's motion for default.
Based on the foregoing, the plaintiff's administrative peal is dismissed
___________________________ Robert F. McWeeny, J.