[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S POST-JUDGMENT MOTION TO REOPEN JUDGMENT AND MODIFY VISITATION CUSTODY AND CHILD SUPPORT (131) and DEFENDANT'S POST-JUDGMENT MOTION TO COMPEL ATTENDANCE AT DEPOSITION (133)
The facts in this case are not in dispute. The parties were awarded shared custody of the two minor children on the date judgment entered, March 8, 2001. The plaintiff father has now filed a motion to modify visitation and seeks to depose the defendant mother. The plaintiff, defendant and minor children moved to New York over one year ago and have not returned to Connecticut for purposes of residing in this state thereby raising the question of whether the Connecticut court has continuing, exclusive jurisdiction or jurisdiction under any other section of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).
Because the plaintiff, defendant and minor children no longer live in Connecticut, and have not lived in this state for at least one year or more, the court must consider whether it has continuing, exclusive jurisdiction to modify visitation or if some other section of the UCCJEA gives the court jurisdiction. "The trial court . . . [can determine] sua CT Page 8663 sponte that its subject matter jurisdiction [is] in question. . . ."Glastonbury Volunteer Ambulance Assn., Inc. v. Freedom of InformationCommission, 227 Conn. 848, 851, 633 A.2d 305 (1993). If a party "cannot as a matter of law and fact state a cause of action that should be heard by the court" the court must dismiss the action. (Internal quotation marks omitted.) Kizis v. Morse Diesel International, Inc., 260 Conn. 46,51, 627 A.2d 1257 (2002). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Brookridge District Assn. v. Planning Zoning Commission, 259 Conn. 607, 611, 790 A.2d 1178 (2002).
A court of this state has exclusive, continuing jurisdiction if the children or the children's parent or parents continue to reside in this state or if this is not the home state (home state is defined as: "`Home state' means the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding . . ." General Statutes § Sec. 46b-115a (7)), of the children but a parent continues to reside in this state. See General Statutes § 46b-115l. Despite the fact that a court of this state made an initial custody determination, the court now lacks jurisdiction because this state is no longer the home state of the children and was not the home state of the children at the commencement (General Statutes § 46b-115a (5) provides in pertinent part: "`Commencement' means the filing of the first pleading in a proceeding. . . .") of the motion to modify nor was it the home state of the children within six months proceeding the filing of the motion to modify. See General Statutes § 46b-115k.
Pursuant to the above statutes, Connecticut no longer has continuing, exclusive jurisdiction. Additionally, if the court decides this is an inconvenient forum, it may decline jurisdiction, and does so, pursuant to General Statutes § 46b-115q.
Neither the Appellate Court nor the Supreme Court has ruled on any cases involving the UCCJEA. Case law involving the UCCJA no longer seems applicable. See A. Rutkin, K. Hogan S. Oldham, Family Law and Practice (2d Ed. 2000) § 40.10, pp. 412-14.
The motion to modify custody should be filed in the state of New York which has also enacted the UCCJEA.
The pending motions are denied.
So Ordered.
HARRIGAN, J.T.R. CT Page 8664