COMMISSIONER OF BANKING *v.* GLORIA HAYNES
(AC 23399)

Foti, Dranginis and Flynn, Js.

Argued March 24—officially released May 20, 2003

---

*Earl I. Williams*, for the appellant (defendant).

*Lorrie Lewis Adeyemi*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant, Gloria Haynes (landlord), appeals from the judgment of the trial court enforcing the administrative order of the plaintiff banking commissioner (commissioner) ordering that she pay to her former tenant, Sanjay Gulati (tenant), $3600 for the return of a security deposit and assessed penalties. The landlord claims that the court improperly (1) ordered her to comply with the commissioner's order, (2) concluded that the $900 paid to the rental agent was part of the tenant's security deposit and (3) relied on parol evidence to vary the lease terms. We conclude that, although the court was without authority to conduct a de novo hearing because the landlord did not appeal from the administrative order pursuant to the Uniform Administrative Procedure Act (UAPA), codified in chapter 54 of the General Statutes at § 4-166 et seq., it nevertheless properly ordered the enforcement of the commissioner's order and acted within its discretion in assessing an additional $900 penalty for the landlord's failure to comply with said order.

The commissioner found the following facts. The tenant leased residential premises from the landlord for the period beginning April 17, 1998, through April 17,

1999, and paid a security deposit in the amount of $1800. The tenant terminated his tenancy on April 17, 1999, and gave written notification of his forwarding address to the landlord by letter, dated May 26, 1999. The landlord failed to forward to the tenant, after deducting for any damages properly itemized, the balance of his security deposit plus accrued interest within the time frames designated by General Statutes § 47a-21 (d) (2) and (4).

On October 22, 1999, the commissioner issued, by registered mail, a "Notice of Intent to Issue Order to Cease and Desist and Notice of Right to Hearing," that alleged that the landlord had violated § 47a-21 (d)[1] and (i).[2] The notice stated that the landlord had a right to a hearing, and, that if such a hearing were requested in writing, it would be held at 10 a.m. on December 16, 1999, at the department of banking, in accordance with the provisions of chapter 54 of the General Statutes. The notice also directed the landlord that the legal authority and jurisdiction under which the hearing would occur could be found in General Statutes §§ 47a-21 (j)[3] and 36a-52

---

[1] General Statutes § 47a-21 (d) provides in relevant part: "(2) Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord . . . shall deliver to the tenant or former tenant at such forwarding address either (A) the full amount of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section, or (B) the balance of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section after deduction for any damages suffered by such landlord by reason of such tenant's failure to comply with such tenant's obligations, together with a written statement itemizing the nature and amount of such damages. Any such landlord who violates any provision of this subsection shall be liable for twice the amount or value of any security deposit paid by such tenant . . . ."

[2] General Statutes § 47a-21 (i) provides for the payment of interest on a security deposit.

[3] General Statutes § 47a-21 (j) provides in relevant part: "(1) The commissioner may receive and investigate complaints regarding any alleged violation of subsections (b), (d), (h) or (i) of this section, provided the commissioner shall not have jurisdiction over the refusal or other failure of any landlord to return all or part of a security deposit if such failure

(a).[4] The notice, however, was returned to the department of banking, on November 22, 1999, marked "return to sender—unclaimed." The landlord did not request a hearing.

After finding those facts, the commissioner made the following conclusions of law. The landlord met the defi-

results from the landlord's good faith claim that the landlord has suffered damages as a result of a tenant's failure to comply with such tenant's obligations whether or not the existence or amount of alleged damages is disputed by the tenant. For purposes of this section a good faith claim is deemed to be a claim for actual damages suffered by the landlord for which written notification of such damages has been given to the tenant in accordance with the provisions of subdivisions (1), (2) and (4) of subsection (d) of this section. For the purposes of such investigation, any person who is or was a landlord shall be subject to the provisions of section 36a-17.

"(2) If the commissioner determines that any landlord has violated any provision of this section over which the commissioner has jurisdiction, the commissioner may, in accordance with section 36a-52, order such person to cease and desist from such practices and to comply with the provisions of this section. . . ."

[4] General Statutes § 36a-52 (a) provides in relevant part: "Whenever it appears to the commissioner that any person has violated, is violating or is about to violate any provision of the general statutes within the jurisdiction of the commissioner, or any regulation, rule, or order adopted or issued thereunder, the commissioner may send a notice to such person by registered or certified mail, return receipt requested . . . . The notice shall be deemed received by the person on the earlier of the date of actual receipt, or seven days after mailing or sending. Any such notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the general statutes, regulations, rules or orders alleged to have been violated; (4) a short and plain statement of the matters asserted; and (5) a statement indicating that such person may file a written request for a hearing on the matters asserted within fourteen days of receipt of the notice. If a hearing is requested within the time specified in the notice, the commissioner shall hold a hearing upon the matters asserted in the notice, unless the person fails to appear at the hearing. After the hearing, the commissioner shall determine whether an order to cease and desist should be issued against the person named in the notice. If the person does not request a hearing within the time specified in the notice or fails to appear at the hearing, the commissioner shall issue an order to cease and desist against the person. No such order shall be issued except in accordance with the provisions of chapter 54."

nition of "landlord" pursuant to § 47a-21 (a) (6).[5] The tenant was a "tenant" as defined in § 47a-21 (a) (12).[6] A "security deposit," as defined in § 47a-21 (a) (10), is "any advance rental payment other than an advance payment for the first month's rent and a deposit for a key or any special equipment." The commissioner then concluded that the tenant had paid an $1800 security deposit to the landlord, which she failed to return, with interest, minus any properly itemized deductions, to the tenant in violation of § 47a-21 (d) and (i). The commissioner also concluded that the applicable rate of interest, pursuant to § 47a-21 (i) (2), was 2.6 percent through 1998 and 2.3 percent through 1999.

The commissioner ordered, pursuant to §§ 47a-21 (j) (2) and 36a-52, that the landlord cease and desist from violating § 47a-21 (d) and (i), and comply with such provisions. Additionally, the commissioner ordered that the landlord pay to the tenant, within thirty days: (1) "Twice the value of the security deposit received to wit Three Thousand Six Hundred Dollars ($3,600) [and (2)] Interest accrued on the security deposit from April 17, 1998 to November 24, 1999 in the amount of Seventy Dollars and Sixty-nine Cents ($70.69)." The commissioner sent this order, certified mail, return receipt requested on November 30, 1999, and the landlord signed for it on December 23, 1999.

The landlord did not request a rehearing, move to open the decision, ask for reconsideration or file an

---

[5] General Statutes § 47a-21 (a) (6) defines landlord as "any landlord of residential real property, and includes (A) any receiver; (B) any person who is a successor to a landlord or to a landlord's interest; and (C) any tenant who sublets his premises."

[6] The term "tenant" is defined in General Statutes § 47a-21 (a) (12) as "a tenant, as defined in section 47a-1. . . ." General Statutes § 47a-1 (*l*) defines "tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law."

appeal of the order in the Superior Court pursuant to the UAPA.

When the landlord did not make payment as ordered, the commissioner filed an action seeking to enforce the order pursuant to General Statutes § 36a-50 (b) (1) and seeking the levy of an additional penalty, pursuant to § 36a-50 (b) (2), for the landlord's failure to adhere to the order.[7] The landlord filed an answer denying several of the commissioner's findings and by way of special defense claimed that she had damages related to the tenancy at issue. Thereafter, the court, in essence, conducted a de novo trial, taking testimony and documentary evidence, before granting the commissioner's request to have the order enforced with the assessment of an additional penalty. This appeal followed.

The landlord claims that the court acted improperly by ordering her to comply with the commissioner's order, by concluding that the $900 paid to the rental agent was part of the tenant's security deposit and by relying on parol evidence to vary the terms of the tenant's lease. Because the landlord failed to file a timely appeal from the commissioner's decision, the trial court did not have the authority to conduct a de novo trial or to review the findings and conclusions of the commissioner. See *Glastonbury Volunteer Ambulance Assn.,*

---

[7] General Statutes § 36a-50 (b) provides in relevant part: "Whenever it appears to the commissioner that any such person has violated, is violating or is about to violate any such provision, regulation, rule or order, the commissioner may, in the commissioner's discretion and in addition to any other remedy authorized by law: (1) Bring an action in the superior court for the judicial district of Hartford to enjoin the acts or practices and to enforce compliance with any such provision, regulation, rule or order. Upon a proper showing, a permanent or temporary injunction, restraining order or writ of mandamus shall be granted and a receiver or conservator may be appointed for such person or such person's assets. The court shall not require the commissioner to post a bond; (2) seek a court order imposing a penalty not to exceed seven thousand five hundred dollars per violation against any such person found to have violated any order issued by the commissioner . . . ."

*Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 851–52, 633 A.2d 305 (1993) (failure of party to file administrative appeal under UAPA within forty-five days required by General Statutes § 4-183 (c) deprives trial court of subject matter jurisdiction over appeal). Further, because the landlord failed to file an appeal from the commissioner's order, her defenses at the trial on the commissioner's complaint seeking to enforce that order were circumscribed. The trial court had jurisdiction only to assess the merits of the commissioner's complaint requesting enforcement of his order and the levy of additional statutory penalties and did not have jurisdiction to consider the merits of the underlying order. Nevertheless, we conclude that the trial court's judgment enforcing the order of the commissioner, as well as its levy of an additional penalty, were well within the court's statutory authority and were legally and logically correct.

On appeal, the landlord continues to attack the findings and conclusions of the commissioner despite her failure to appeal from his order. We decline to review the landlord's claims as far as they relate to those findings and conclusions. Upon the landlord's failure to file a timely appeal, the commissioner's findings and conclusions became final, binding and not subject to review. See General Statutes § 4-183.

We address the landlord's claim that the court improperly rendered judgment ordering her to comply with the commissioner's order. In so doing, "[w]e are guided in our analysis by the standard of appellate review that governs questions of law. We have long held that where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . ." (Internal quotation marks omitted.) *Keeney* v. *Old Saybrook,* 237 Conn. 135, 143, 676 A.2d 795 (1996).

Our statutory scheme regarding the commissioner's authority to issue orders relating to residential security deposits can be briefly summarized as follows. General Statutes § 36a-52 (a) gives the commissioner the authority to hold a properly noticed hearing and to issue a cease and desist order against anyone violating a statute that falls within the commissioner's jurisdiction. General Statutes § 47a-21 (j) grants the commissioner, inter alia, the authority to receive and to investigate complaints regarding violations of § 47a-21 (d).

Section 47a-21 (d) mandates that, unless the landlord properly documents and itemizes damages, the landlord return to the tenant the entire security deposit paid, plus interest, within thirty days of the termination of the tenancy and notification of the tenant's forwarding address. Section 47a-21 (d) also provides that any landlord found to be in violation of this subsection *shall* be liable for twice the amount of the security deposit paid by the tenant.

After issuing a properly noticed order to a landlord, if the commissioner becomes aware that a landlord has violated his order, the commissioner may commence an action to enforce compliance with such order. General Statutes § 36a-50 (b) (1). The statute additionally provides that the commissioner may seek an order of the court imposing a penalty of up to $7500 for each violation of his order. General Statutes § 36a-50 (b) (2).

In the present case, the tenant filed a complaint with the commissioner when the landlord failed to return his security deposit. The commissioner sent notice to the landlord, pursuant to § 36a-52 (a). Although the notice was returned to the commissioner, pursuant to § 36a-52 (a) it was deemed received by the landlord "on the earlier of the date of actual receipt, or seven days after mailing . . . ." After issuing his findings of fact, conclusions of law and order, the commissioner, in

accordance with § 36a-52 (a), sent notice to the landlord by certified mail, for which she signed the return receipt. Section 36a-52 (a) clearly states that the commissioner's order must comply with chapter 54 of the General Statutes, the UAPA, and the parties do not argue otherwise, nor do they argue that the order was not in compliance with the UAPA.

The landlord does not challenge the procedures employed by the commissioner, nor does she challenge his authority to issue orders relating to residential security deposits. She did not appeal from the commissioner's order pursuant to the UAPA, nor did she move to open the decision or request a rehearing from the commissioner. Rather, she simply failed to comply with the commissioner's order, and, after the commissioner sought enforcement of that order, improperly sought to retry his factual findings and legal conclusions. Although the court improperly conducted what amounted to a de novo trial on the merits of the order, it properly rendered judgment, in accordance with § 36a-50 (b) (1), enforcing the commissioner's order. The court, additionally, in accordance with § 36a-50 (b) (2), properly assessed a $900 penalty against the landlord for failing to comply with the commissioner's order.[8]

Reviewing the statutory scheme together with the procedures employed in this case, we conclude that the court properly rendered judgment enforcing the commissioner's order and assessing an additional penalty against the landlord for failing to comply therewith.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The landlord does not raise as an issue on appeal the assessment of the additional penalty by the court.