The within case is one of those many cases of old vintage which this court is now laboring to dispose of in one way or another. It was returned to court on the first Tuesday of October, 1945. The plaintiff is a Connecticut corporation. The defendants are three in number, namely, Charles B. Batchellor and I. Karzan, stated in the writ to be residents of Chicago, Illinois, and Thomas C. Swisher, stated to be a resident of New Britain, Connecticut.
In substance the complaint alleges that on September 8, 1944, the defendant Karzan owned a certain truck which was in the possession of the defendant Batchellor, that the latter negligently permitted the defendant Swisher, an unlicensed operator, to operate it, and that because of the negligent operation of the truck by Swisher on a Connecticut highway, a collision occurred between that vehicle and one operated by the plaintiff. The plaintiff seeks damages of $2000 from all defendants. The sheriff's return discloses that service of the action in regard to the two nonresident defendants, Batchellor and Karzan, was made upon the commissioner of motor vehicles at Hartford, pursuant to the statute. That statute is now § 7779 of the General Statutes. *Page 287 
The file contains numerous entries over the years relating to the case being stricken from the docket and followed by restorations. Such need not be detailed. It does appear that on February 21, 1952, the defendant Karzan was defaulted for failure to appear, and that while the other two defendants never filed an appearance, a default motion was never directed against them. It further appears that on July 15, 1952, several months later, Attorney Gormley filed his appearance on behalf of Karzan, the defaulted defendant. Its filing was never challenged by the plaintiff.
On December 20, 1954, this case and others were listed for a hearing on the question of why they had become stalemated over the years and not productive of disposition. The foregoing situation relating to this particular case was disclosed. So it is that the pending motion of the defendant Karzan to set aside the earlier default has resulted. That motion is opposed by the plaintiff.
There is a distinction between a default as such, and a judgment upon default. The former is not a judgment, and the latter is a final judgment. AutomotiveTwins, Inc. v. Klein, 138 Conn. 28, 33. In the case at bar the defendant Karzan suffered a default on February 21, 1952, and not a judgment upon default. This is because a hearing awarding damages was never had.
It has been noted that service upon Karzan, a nonresident defendant, was made through the commissioner of motor vehicle pursuant to the statute, § 7779. Another statute is necessarily involved in the problem. Section 7808 reads, so far as is material: "If the defendant shall not be an inhabitant or resident of this state at the commencement of the action and shall not appear and answer thereto, the court shall continue or postpone it for a period of *Page 288 
three months, and may, if it shall deem further notice advisable, direct such further notice of the pendency of the action to be given to the defendant by publication in some newspaper, or otherwise, as it shall deem expedient."
In Hartley v. Vitiello, 113 Conn. 74, 81, it was recognized that these two statutes enter into a situation involving a nonresident defendant such as Karzan. Nowhere does it appear, in the file or elsewhere, that the court on February 21, 1952, when it entered the default in question, had its attention called to the fact that Karzan was a nonresident defendant. From all that does appear, such was not the situation. Hence the relevant provision of § 7808 must be deemed not to have been considered and applied. It should have been.
Further discussion is not required other than to say that the default of February 21, 1952, must be considered a nullity. Section 7963, containing a four-months limitation of time for a reopening of judgment upon default, is not applicable to the particular problem.
The motion of the defendant Karzan to set aside the default of February 21, 1952, is granted.
 The case is assigned for February 8 next, for such action as it is capable of producing.