**In re Bruce Kimberley LOWNDES and Cherie Ann Lowndes, Debtors.**

**OMNIBANK ARAPAHOE, N.A. and Omnibancorp, Plaintiffs,**

v.

**Bruce Kimberley LOWNDES and Cherie Ann Lowndes, Defendants.**

**Civ. A. No. 88–B–0059.**

United States District Court, D. Colorado.

Jan. 19, 1989.

Timothy C. Ford, Aronowitz, Helgeson & Pearson, PC, Arvada, Colo., for Omnibank/Omnibancorp.

David M. Berrett, Denver, Colo., for Lowndes.

## OPINION

BABCOCK, District Judge.

Defendants, Bruce Kimberley Lowndes and Cherie Ann Lowndes, appeal the denial by the bankruptcy court of their motion to reconsider its order granting plaintiffs' oral motion for default judgment. We affirm and remand with directions.

In June 1986, defendants filed a voluntary joint petition for relief pursuant to Chapter Seven of the Bankruptcy Code. In October 1986, plaintiffs filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523 and a complaint objecting to discharge pursuant to 11 U.S. C. § 727. After an initial setting and two delays, the trial was scheduled for September 23, 1987.

Up until the time of trial, the defendants had appeared *pro se*. On the day of trial they did not appear personally. However, counsel retained by defendants entered his appearance and stated that he was ready to proceed with the trial. Plaintiffs' counsel objected and orally moved for entry of default judgment. After brief argument, based on Bankruptcy Rule 4002(2) and minute orders entered in the case, the bankruptcy court stated that "judgment shall enter in favor of the plaintiff, and against the defendants, and the discharge sought by the defendants in their bankruptcy, is denied."

On October 1, 1987, the bankruptcy court signed a written order captioned "Order on Motion For Entry of Default Judgment." Thereafter, defendants filed a "Motion to Reconsider Order on Motion for Entry of Default Judgment" and plaintiffs replied to this motion. At the same time, plaintiffs filed a motion to revise the October 1, 1987 order. The gist of this motion was that plaintiffs' counsel had "inadvertently referred to the judgment as default judgment, and it is now apparent that the Court's findings were not based upon a default judgment but were based upon a trial of the facts...." The bankruptcy court granted plaintiffs' motion to revise and, based on the revision, ruled that defendants' motion to reconsider the default judgment was moot. This appeal followed.

Defendants contend that the judgment entered was a default judgment. As such, they argue that it was entered without due process for lack of notice. I agree that the judgment entered by the bankruptcy court

was a default judgment, but find no denial of due process.

■ The record shows that the plaintiffs' attorney moved for entry of default judgment and the court granted a default judgment. Also, the judge signed an order for entry of default judgment. The order upon which the default judgment was based recites no findings of facts or conclusions of law. Consequently, the judgment entered was a default judgment. The post-judgment actions of plaintiffs and the orders of the bankruptcy judge do not change the true character of the judgment as one for default.

■ However, the default judgment was not entered against defendants without due process.

At a minimum, the due process clause of the United States Constitution requires that deprivation of property by adjudication be preceded by notice and an opportunity for hearing appropriate to the case. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Specifically, F.R.C.P. 55(b), made applicable to bankruptcy proceedings by Bankruptcy Rule 7055, requires that where a party is in default: "[i]f the party against whom judgment by default is sought has appeared in the action, the party shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." This notice need not be in any particular form. The major consideration is that the party is made aware that a judgment may be entered against him. *See Sonus Corp. v. Matsushita Electric Industrial Co.*, 61 F.R.D. 644 (D.Mass.1974); 10 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 2687 (1983).

Defendants, whether appearing *pro se* or through counsel, are bound by all applicable rules. *A.L. Murphy v. Citizens Bank of Clovis*, 244 F.2d 511 (10th Cir.1957). One such rule is Bankruptcy Rule 4002, which provides in part:

"In addition to performing other duties prescribed by the Code and rules, the debtor shall (1) attend and submit to an examination at the times ordered by the court; (2) attend the hearing on a complaint objecting to discharge and testify, if called as a witness...."

In addition, a review of the record shows that on October 21, 1986 the bankruptcy court entered an order that provided in part:

"FURTHER ORDERED that the following rules will apply to all matters set for trial:

... 3. Counsel shall be present in the courtroom with their witnesses and prepared for trial when their case is called. If one party is absent or not prepared to proceed when a case is called, judgment will be entered forthwith in favor of the party present...."

On February 24, 1987, the bankruptcy court entered another order rescheduling the trial. This order also contained the above language. On March 11, 1987 the bankruptcy court entered yet another order granting a second continuance and ordered that the provisions of its previous orders would remain in effect. Defendants do not dispute actual knowledge of the provisions of these orders.

Considering the mandatory language of Bankruptcy Rule 4002 and these three orders of the bankruptcy court, defendants received adequate notice that default judgment would be entered against them if they were absent for trial. Thus, they received the process they were due and the bankruptcy court did not err in its entry of default judgment against them.

IT IS THEREFORE ORDERED that:

the judgment of the bankruptcy court is affirmed and the cause is remanded with directions to vacate the revised order for judgment and to re-enter the default judgment.