JADE AIRCRAFT SALES, INC. *v.* ALAN A. CRYSTAL, COMMISSIONER OF REVENUE SERVICES

SUPERIOR COURT                    FILE NO. 519566
                TAX SESSION

Memorandum filed January 3, 1994

*Gary A. Mastronardi,* for the plaintiff.

*Paul M. Scimonelli,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

BLUE, J. The plaintiff, Jade Aircraft Sales, Inc. (Jade), has appealed from the final determination of the commissioner of revenue services (commissioner) assessing sales and use tax against it. The commissioner now moves to dismiss this appeal for lack of subject matter jurisdiction because Jade failed properly to serve him in the manner required by General Statutes § 12-422.

Jade served the citation and complaint by United States mail pursuant to General Statutes § 4-183 (c) (1), a provision of the Uniform Administrative Procedure Act (UAPA). This was done in spite of the fact that appeals from the decisions of the commissioner are expressly exempted from the UAPA. General Statutes § 4-186. General Statutes § 12-422 provides that an appeal from a decision of the commissioner in a sales and use tax case "shall be returnable at the same time and served and returned in the same manner, as is required in the case of a summons in a civil action."

General Statutes § 52-54 governs service of process for a summons in a civil action and authorizes service by an officer who may serve a summons by reading the summons "and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place or abode." Where, as here, the commissioner is the defendant, service "may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the attorney general or at his office in Hartford." General Statutes § 52-64. Service by mail is not authorized.

Jade concedes that its service was defective. It asserts, however, that personal jurisdiction, not subject matter jurisdiction, is implicated here. While the issue of subject matter jurisdiction may be raised at any time; *Gagnon* v. *Planning Commission,* 222 Conn. 294, 297, 608 A.2d 1181 (1992); Jade claims that personal jurisdiction over a case is subject to waiver pursuant to Practice Book §§ 142 and 144. Consequently, Jade argues, the commissioner has waived his jurisdictional claim because this motion was filed more than thirty days after the defendant's appearance was filed in this case. I disagree.

In *Lawrence* v. *Dubno,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 302002 (September 18, 1985), aff'd, 9 Conn. App. 802, 515 A.2d 664 (1986), Judge Hammer considered whether the failure to serve an appeal from a decision of the commissioner in the manner prescribed by § 12-422 deprives the court of subject matter jurisdiction. He found that it did. His decision was based on our Supreme Court's numerous decisions requiring strict compliance with the service provisions of statutes that grant a right to appeal from an administrative agency's final determination. I agree with Judge Hammer's decision.

The Supreme Court has stated repeatedly that: "Appeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972). ' "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." ' *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363

A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979)." *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 142, 585 A.2d 76 (1991); accord *Raines* v. *Freedom of Information Commission,* 221 Conn. 482, 489–91, 604 A.2d 819 (1992). While expressing his dissatisfaction with the rigidity and severity of this interpretation in his concurring opinion in *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 75, 540 A.2d 59 (1988), Justice Shea stated: "We have been traveling down this path for too long . . . to turn back at this late time without some legislative direction." While I appreciate Jade's arguments that there was actual notice in this case and that this court possesses jurisdiction to hear appeals of this general description, I, too, do not feel free to deviate from the established policy of this state's highest court. The appeal is, therefore, dismissed.