## THADDEUS TAYLOR *v.* STATE BOARD OF MEDIATION AND ARBITRATION
### (AC 17436)

Schaller, Dupont and Shea, Js.

Submitted on briefs December 17, 1998—officially released August 24, 1999

*Thaddeus Taylor*, pro se, the appellant (plaintiff), filed a brief.

*Richard Blumenthal*, attorney general, and *Robert A. Whitehead*, *Charles A. Overend* and *Richard T. Sponzo*, assistant attorneys general, filed a brief for the appellee (defendant).

### Opinion

SHEA, J. The plaintiff, Thaddeus Taylor, appeals from the judgment of the trial court dismissing his appeal from the decision of the state board of mediation and arbitration (board). The board upheld the termination of the plaintiff's employment by the department of correction and concluded that the termination was for just cause. The trial court dismissed the appeal for lack of subject matter jurisdiction after concluding that the plaintiff had failed to file his appeal and to serve the board within forty-five days after the decision was

mailed as required by General Statutes § 4-183 (c)[1] of the Uniform Administrative Procedure Act (UAPA). On appeal, the plaintiff claims that the trial court (1) improperly dismissed the appeal for lack of subject matter jurisdiction and (2) abused its discretion by not ordering the defendant to prepare the transcript of the administrative hearing as prescribed by state law. We affirm the judgment of dismissal. As a result, we need not address the plaintiff's second claim.

The following background is relevant to the resolution of this appeal. The arbitrator who heard the case rendered his decision on March 28, 1996, and the decision was mailed on that date.[2] On April 27, 1996, the plaintiff, who was incarcerated in a federal prison for a federal offense, mailed to the board, by regular United States mail, a letter enclosing a "Notice of Appeal" from the decision. On that date, he also sent to the Superior Court at Hartford a document titled "Plaintiff's Prose Motion for Appeal."[3] In that motion, the plaintiff

---

[1] General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

[2] The plaintiff does not dispute the defendant's assertion that the decision was mailed on March 28, 1996.

[3] In the board arbitration proceeding, the plaintiff was represented by his union. In his letter of April 27, 1996, to the board, he stated that he did not want to have the union represent him in the appeal. The plaintiff, from

requested the court to "enter" his appeal of the board's decision and also informed the court that he was in the custody of the federal Bureau of Prisons but would be available for court proceedings through the office of the United States Marshall. He failed, however, to enclose the standard filing fee for the appeal and to furnish a return of service on the board.[4]

On August 27, 1996, the plaintiff sent to the Hartford Superior Court a civil summons form (JD-CV-1), which an assistant clerk signed and returned to him to serve on the defendant board named therein. On December 27, 1996, the plaintiff returned the summons and other papers to the clerk's office, but they had not been served on the board. The case, nevertheless, was placed on the court docket. The clerk received a letter from the plaintiff dated May 19, 1997, in which he claimed that on February 2, 1997, he had sent a copy of his appeal complaint to the defendant by certified[5] mail and had so informed the office of the attorney general. He requested a copy of his complaint so that he could serve it again.

On May 28, 1997, the trial court sent a notice to the plaintiff of a motion to dismiss the case for failure to serve the board and of a hearing on that motion scheduled for June 30, 1997. The notice instructed the plaintiff to submit to the court his proof that service of the appeal was made on the defendant and warned that, without such proof, the appeal would be dismissed for

---

prison, has handled all subsequent proceedings pro se, both in the trial court and in the Appellate Court.

[4] Section 4-183 (c) allows service of an appeal to be made by certified or registered mail in addition to personal service by a proper officer or indifferent person. See footnote 1. There is no evidence that the plaintiff served the defendant board by either of these methods prescribed by the statute.

[5] The plaintiff never provided any evidence, such as a postal receipt or a return receipt signed by the addressee, to support this claim. In any event, the time for serving and filing his administrative appeal had expired on May 13, 1996.

failure to serve the appeal. In response to this notice, the plaintiff, by a letter dated June 23, 1997, requested a thirty day extension of the time for the hearing on the motion to dismiss so that he could effectuate service on the defendant. The court never ruled explicitly on the plaintiff's request for an extension but, on July 1, 1997, granted the motion to dismiss. The court held that the failure to file and serve the appeal within forty-five days after the board mailed its decision, as required by § 4-183 (c), precluded the exercise of jurisdiction over the appeal. This appeal followed.

I

The plaintiff claims that the trial court improperly dismissed the appeal for lack of subject matter jurisdiction. We agree with the trial court that § 4-183 (c) requires that an administrative appeal be both served on the opposing parties in the manner specified by the statute and filed with the clerk of the Superior Court within forty-five days after the agency has mailed its decision. Failure to serve and file an appeal within the forty-five days allowed by the UAPA deprives the court of jurisdiction over the appeal. *Glastonbury Voluntary Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 853–54, 633 A.2d 305 (1993).

The evidence adequately supports the finding of the trial court that the plaintiff never served his appeal documents on the board in the manner and within the time prescribed by § 4-183 (c) for an administrative appeal. There is no evidence of proper service on the board in the manner prescribed by § 4-183 (c) at any time. The time allowed for serving and filing the appeal expired on May 13, 1996. The only documents that bear an earlier date are the plaintiff's "Notice of Appeal," which was addressed to the board, and his "Pro-se Motion for Appeal," which was addressed to the court. Those documents, although dated April 27, 1996, were

ineffective for commencing an appeal because they were never served on the board as required and were not properly filed with the court because they lacked a return of service and no filing fee was paid.[6]

## II

Although we agree with the judgment dismissing the appeal, we conclude that the appeal should have been dismissed on the more fundamental ground that the exclusive remedy for challenging a decision of an arbitrator is an application or motion to vacate the award pursuant to General Statutes § 52-418.[7] Section 4-186 (c)[8] exempts the board from the UAPA, which applies

---

[6] The documents sent to the Superior Court after May 13, 1996, including the plaintiff's application for a waiver of fees and costs, received by the court on August 30, 1996, are of no avail because the court lacked jurisdiction to act on them after the expiration of the forty-five day period for an administrative appeal provided by § 4-183 (c).

[7] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators. . . .

"(c) Any party filing an application pursuant to subsection (a) of this section concerning an arbitration award issued by the State Board of Mediation and Arbitration shall notify said board and the Attorney General, in writing, of such filing within five days of the date of filing."

[8] General Statutes § 4-186 (c) provides: "The Employment Security Division and the Board of Mediation and Arbitration of the state Labor Department, the Claims Commissioner, and the Workers' Compensation Commissioner are exempt from the provisions of section 4-176e and sections

to other state agencies.[9] Even if the plaintiff had satisfied all of the requirements for filing an administrative appeal, that appeal would have to be dismissed because of the exemption from the UAPA created for the board.

The board concedes in its brief, however, that the documents sent by the plaintiff may properly be construed as a motion to vacate the arbitrator's award rather than as an administrative appeal, as the plaintiff has captioned them. In his reply brief, the plaintiff concurs with that view, and, therefore, our determination of the issues discussed in part I of this opinion are moot.

Treating the plaintiff's documents as a motion to vacate the award, however, we confront several procedural barriers to a determination of the plaintiff's claim of wrongful discharge on its merits. "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." General Statutes § 52-420 (b). The award was made and a copy of the decision was mailed to the plaintiff on March 28, 1996.[10] The period of thirty days after that date expired at the end of Saturday, April 27, 1996, the date on the plaintiff's letter to the board enclosing his "Notice of Appeal" and on his "Pro-se Motion for Appeal," which

4-177 to 4-183, inclusive." This provision was never called to the attention of the trial court but was first raised by the board in its brief filed in this court.

[9] The record does not indicate that the exemption of the state board of mediation and arbitration from the UAPA created by General Statutes § 4-186 (c) was ever called to the attention of the trial court. Since the statutory exemption involves the jurisdiction of this court as well as the trial court over the subject matter, we must resolve that issue despite the failure to raise it in the trial court. *Dowling* v. *Slotnik*, 244 Conn. 781, 787–88, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U. S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

[10] The record indicates that a copy of the decision was received by the union that represented the plaintiff at the hearing before the board on April 1, 1996. The plaintiff claims that he sent his documents challenging the award to the clerk and to the board as soon as he received notice of the decision, presumably on April 27, 1996, as his documents are dated.

he mailed to the Superior Court at Hartford. The board claims that, because April 27, 1996, was a Saturday, those documents could not have been delivered by mail to the clerk's office until Monday, April 30, 1996, two days beyond the time allowed by § 52-420 (b). That claim, however, overlooks Practice Book § 7-17, formerly § 405, which provides in relevant part: "If the last day for filing any matter in the clerk's office falls on a day on which such office is not open . . . then the last day for filing shall be the next business day upon which such office is open." That rule also provides that clerks' offices are open only from Monday to Friday inclusive. We conclude that the board has failed to demonstrate that the plaintiff did not file his papers within thirty days from receiving notice of the award.

The board has also raised the question of the plaintiff's standing to file a motion to vacate the award on the ground that he was not a party to the arbitration, in which the department of correction and the union representing the plaintiff were the named antagonists.[11] In *McCaffrey* v. *United Aircraft Corp.*, 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S. Ct. 1636, 4 L. Ed. 2d 1736 (1960), the court held that a member of a union could not move to vacate an award because he is not ordinarily a party to the arbitration. General Statutes § 52-418[12] provides that only a party to the arbitration can file a motion to vacate an award. "Unless a collective bargaining agreement provides for a personal right to seek arbitration; see, e.g., *Gilden* v. *Singer Mfg. Co.*, 145 Conn. 117, 139 A.2d 611 (1958); an employee subject to the agreement is not a 'party to the arbitration' under General Statutes § 52-417 and thus has no standing to apply to confirm an award." *Housing Authority* v. *Local 1161, Council 4, AFSCME,*

___

[11] The decision of the arbitrators is captioned "State of Connecticut Department of Correction" and "Local 391, Council #4 AFSCME, AFL-CIO (Thaddeus Taylor)."

[12] See footnote 7.

1 Conn. App. 154, 156, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). In *Gilden* v. *Singer Mfg. Co.*, supra, 118, one provision of the union contract was deemed to allow either the union or the aggrieved employee to bring a grievance dispute to arbitration.

In his reply brief, the plaintiff claims that the contract between his union and the department of correction, which he refers to as the "NP-4 Bargaining Unit Contract" (NP-4 BUC) entitled him to an immediate "new hearing." He maintains that, in accordance with certain unspecified provisions of that agreement, he is a "party to the arbitration" and, therefore, he is eligible to file a motion to vacate the award pursuant to § 52-418.

The record, however, does not contain a copy of the NP-4 BUC or any of its provisions. There were no trial exhibits because the judgment of the trial court granting the motion to dismiss was based solely on the documents in the file. The plaintiff has not included any of the provisions of the NP-4 BUC in either his main brief or his reply brief to this court. "It is the responsibility of the appellant to provide an adequate record for review." Practice Book § 61-10.

On the record as it exists, the plaintiff has not established that he has standing to move to vacate the arbitration award. The caption of the award indicates that the parties to the arbitration were the "State of Connecticut Department of Corrections" and "Local 391, Council #4 AFSCME, AFL-CIO (Thaddeus Taylor)." The opinion included in the award refers to the plaintiff only as the "grievant." On the basis of the record before us, which it is the obligation of the plaintiff to provide, we conclude that the plaintiff lacked standing to challenge the award. Accordingly, his appeal must be dismissed.

The judgment of dismissal is affirmed.

SCHALLER and DUPONT, Js., concurred in the result.

SCHALLER and DUPONT, Js., concurring. We respectfully concur with the result and write separately only to clarify why we have dismissed the action for lack of standing, rather than remanding it to the trial court for findings of fact as to standing, as in other cases. See *Sadlowski* v. *Manchester*, 228 Conn. 79, 85, 634 A.2d 888 (1993), on appeal after remand, 235 Conn. 637, 668 A.2d 1314 (1995); *U.S.T. Bank/Connecticut* v. *Davenport*, 47 Conn. App. 459, 465, 705 A.2d 562 (1998). Those cases are distinguishable because the trial courts there had considered standing and, despite relevant evidence, had failed to make findings. Here, the issue of standing was neither raised nor considered and no evidence was offered on the issue. In addition, with reference to the discussion of the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-183 (c), in part II of the majority opinion, we note that the exemption from the UAPA affects the relevance, rather than the mootness, of the determination in part I of the opinion.