[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (# 107)
On May 22, 1997, the pro se plaintiffs, Alexander S. Langer and Barbara Langer, filed a complaint with the defendant, the Commission of Human Rights and Opportunities (CHRO) against the defendant, the town of Trumbull. The plaintiffs alleged that the town denied them equal public accommodation on the basis of their foreign ancestry and national origin. On December 8, 1998, the CHRO found that there was no reasonable cause for the plaintiffs' action and dismissed the complaint. Thereafter, on December 22, 1998, the plaintiffs filed a timely request for reconsideration with the CHRO. On October 27, 1999, the CHRO mailed its decision rejecting the plaintiffs' request for reconsideration.
The plaintiffs' commenced this action by service of process on the CHRO by the Hartford County sheriff on December 3, 1999 and on the town by the Fairfield County sheriff on November 29, 1999.
The CHRO moves to dismiss this action for lack of subject matter jurisdiction. The CHRO contends that the court lacks subject matter jurisdiction because the appeal papers (1) did not include a citation; (2) did not satisfy the statutory requirements for a complaint; (3) did not include a certification of financial responsibility; (4) did not include a return date; and (5) were not served within 45 days from the date the CHRO mailed its final decision. The plaintiffs argue in opposition that their administrative appeal should not be dismissed because they have complied with the statutory provisions for commencement of an administrative appeal.
"[A] determination regarding a trial courts subject matter jurisdiction is a question of law. . . . It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint. including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "[A]ny complainant aggrieved by . . . a finding of no reasonable cause as provided in subsection (d) of said section 46a-83 or rejection of reconsideration of any dismissal as provided in subsection (e) of said section 46a-83, may appeal therefrom in accordance with section 4-183." General Statutes § 46a-94a (a).
"[A]ppeals from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Emphasis added; internal quotation marks omitted.) ChestnutRealty, Inc. v. CHRO, 201 Conn. 350, 356, 514 A.2d 749 (1986). Moreover, CT Page 5827 because an administrative appeal is a civil action; see Practice Book § 14-6; appeal papers must comply with the statutory provisions for commencement of a civil action. See General Statutes § 52-45a. Here, the plaintiffs' administrative appeal papers did not conform with the statutory requirements for commencement of a civil action.
A complaint, containing a statement of facts constituting a cause of action and, on a separate page, a demand for relief, did not accompany the writ of summons. See General Statutes § 52-91.
The action was returnable on Wednesday, December 22, 1999, rather than on a Tuesday, as is required by statute. See General Statutes § 52-48; see also Carlson v. Fisher, 18 Conn. App. 488, 495-96, 558 A.2d 1029
(1989).
The appeal papers that were served on CHRO did not include a statement of financial responsibility. See Practice Book § 8-4. Moreover, the papers served on the CHRO by the deputy sheriff of Hartford County are fatally defective because they do not contain a citation signed by a competent authority. "In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . A proper citation, therefore, requires not only the signature of a competent authority, such as a commissioner of the Superior Court, but the direction to a competent authority." (Citations omitted; internal quotation marks omitted.) Tolly v. Dept. of HumanResources, 225 Conn. 13, 18-19, 621 A.2d 719 (1993).
"[Section] 4-183 (c) [imposes] a time limitation with respect to subject matter jurisdiction. If there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c), read against the background of the preexisting law. . . . If there is merely an arguable defect in the process timely served on the agency, however, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissible only upon a finding of prejudice to the agency." (Citations omitted; internal quotation marks omitted.) Glastonbury Volunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 856, 633 A.2d 305 (1993).
The court further finds that the plaintiffs' appeal papers were both served on the CHRO and filed with the clerk of the Superior Court on CT Page 5828 December 2, 1999, within forty-five days after the agency has mailed its decision. See Taylor v. State Board of Mediation Arbitration,54 Conn. App. 550, 554, 736 A.2d 175 (1999). However, based upon the testimony at short calendar, the court finds that the Hartford County sheriff could not have certified that the appeal papers were a true and attested copy because a copy of the appeal papers were sent to him via mail. Thus, the court finds that service of process on the CHRO was defective because a true and attested copy of the process, including the declaration or complaint, was not left at the office of the Attorney General in Hartford. See General Statutes § 52-64. Therefore. because the plaintiffs have not strictly complied with the statutory provisions for commencing an administrative appeal; see Chestnut Realty,Inc. v. CHRO, supra, 201 Conn. 356-57; the appeal papers are defective. The court further finds that the defects in the plaintiffs' appeal papers have resulted in prejudice to the CHRO. See Glastonbury VolunteerAmbulance Assn., Inc. v. FOIC, supra, 227 Conn. 856. The court lacks subject matter jurisdiction and the CHRO's motion to dismiss the plaintiff's administrative appeal is granted.[1]
JOHN W. MORAN, JUDGE.