## SUSAN K. HEFTI *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
### (AC 19085)

Schaller, Spear and Mihalakos, Js.

Argued June 12, 2000—officially released January 2, 2001

*Jeffrey D. Brownstein,* for the appellant (plaintiff).

*Charles Krich,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Susan Hefti, appeals from the judgment of the trial court dismissing her appeal for lack of subject matter jurisdiction. The plaintiff claims that the court improperly dismissed her appeal because it was the court clerk's inaction that

deprived the court of subject matter jurisdiction. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. In 1991, the plaintiff filed a complaint with the defendant, the commission on human rights and opportunities (commission), alleging age discrimination by her former employer, Fairfield University.[1] The commission dismissed her complaint on the ground that there was no reasonable cause to believe that the plaintiff had been discriminated against. The plaintiff appealed to the Superior Court from that dismissal, and, in 1993, the court sustained the plaintiff's appeal and remanded the matter to the commission for a new investigation and hearing. On remand, the commission again dismissed the complaint, and the plaintiff petitioned for reconsideration, which was granted.

While the case was awaiting a public hearing, the complaint was dismissed due to the plaintiff's alleged failure to comply with the commission's discovery orders.[2] The commission filed a petition for reconsideration on the plaintiff's behalf, which was denied.[3] On November 7, 1997, prior to the decision on the petition for reconsideration, the plaintiff filed an appeal of the commission's decision in the Superior Court. The filing date was within forty-five days of the dismissal of the

---

[1] Summary judgment was rendered against the plaintiff in a case brought in federal court against Fairfield University.

[2] On August 23, 1996, Fairfield University sought copies of certain records pertaining to the plaintiff. In a ruling dated April 17, 1997, the commission's presiding officer, Deborah Freeman, granted the discovery request. The plaintiff moved for a reconsideration of this ruling on April 25, 1997. On June 10, 1997, Freeman ruled that "the previous order of this hearing officer dated April 17, 1997, stands unaltered." The plaintiff did not comply with the ruling. Fairfield University then filed a motion for dismissal dated August 15, 1997.

[3] The request for reconsideration was deemed denied due to the presiding officer's failure to act on it within the twenty-five day period set forth in General Statutes § 4-181a (a).

plaintiff's complaint by the commission, and the plaintiff properly served the commission.

Subsequently on November 14, 1997, the appeal papers were returned because of the plaintiff's failure to pay a filing fee. The plaintiff made no immediate effort to pay the filing fee when she received the appeal papers. In fact, the filing fee was not paid until April 22, 1998, a date more than five months after the commission had dismissed the plaintiff's complaint.

On August 20, 1998, the commission moved to dismiss the appeal on the ground that the Superior Court lacked subject matter jurisdiction because of the plaintiff's failure to file her appeal within the forty-five day period required pursuant to General Statutes § 4-183 (c).[4] The commission claimed that the appeal was not filed until April 22, 1998, when the filing fee was paid. In its memorandum of decision dated October 19, 1998, the court granted the motion to dismiss, finding that the filing fee was mandatory and that the appeal was not filed until the fee was paid in April, 1998, well beyond the forty-five day period set forth in § 4-183 (c). The court

---

[4] General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

concluded that because the forty-five day filing requirement of § 4-183 (c) is a mandatory jurisdictional requirement, the court was without jurisdiction to entertain the plaintiff's appeal. The plaintiff filed an appeal with this court on December 17, 1998.

The sole issue in this appeal is whether the trial court properly dismissed the plaintiff's appeal for failure to pay the filing fee. "It is well settled that appeals to courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals, the courts are without jurisdiction to hear them." (Internal quotation marks omitted.) *Testa* v. *Waterbury*, 55 Conn. App. 264, 268, 738 A.2d 740 (1999).

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by *strict compliance* with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Emphasis added; internal quotation marks omitted.) *Nizzardo* v. *State Traffic Commission*, 55 Conn. App. 679, 683, 739 A.2d 744 (1999), cert. denied, 252 Conn. 943, 747 A.2d 520 (2000). The time limitations of § 4-183, under which the plaintiff would bring her appeal, are not merely procedural limits but are essential parts of the remedy and are mandatory. See *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities*, 201 Conn. 350, 356, 514 A.2d 749 (1986); see also *Taylor* v. *State Board of Mediation & Arbitration*, 54 Conn. App. 550, 555, 736 A.2d 175 (1999) (although plaintiff filed appeal documents within forty-five day appeal period provided in § 4-183 (c), court correctly dismissed appeal for lack of subject matter jurisdiction on ground that appeal documents not prop-

erly filed with court because no filing fee paid), cert. denied, 252 Conn. 925, 747 A.2d 1, cert. denied, 530 U.S. 1266, 120 S. Ct. 2729, 147 L. Ed. 2d 992 (2000).

In cases involving administrative appeals, even where appellants may have been misled by the actions or inactions of employees of the clerk's office, our Supreme Court has not deviated from the established principles of strict compliance. See *Tarnopol* v. *Connecticut Siting Council*, 212 Conn. 157, 165, 561 A.2d 931 (1989); *Basilicato* v. *Dept. of Public Utility Control*, 197 Conn. 320, 324, 497 A.2d 48 (1985). "While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." (Internal quotation marks omitted.) *Tarnopol* v. *Connecticut Siting Council*, supra, 165. The forty-five day filing requirement of § 4-183 (c) is a mandatory jurisdictional requirement. *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 852–54, 633 A.2d 305 (1993).

It is the plaintiff's contention that the clerk's alleged error would relieve her from strict compliance with the filing requirements. The plaintiff alleges that the clerk's office advised her that the filing was complete and that no filing fee was necessary and, on that basis, she did not pay a filing fee. We do not agree. This argument presumes a finding by the court that the filing clerk misled the plaintiff. Such a finding was not made by the court.

The trial court stated in its memorandum of decision that the plaintiff made a "forceful argument that she was misled by a court clerk as to the obligation to pay a fee." The court noted, however, that "[t]here is no basis for a consideration of prejudice." The court did not make a finding that the plaintiff was misled by the court clerk and "we, as an appellate court, may not act

as fact finders on claims not decided at the trial level." *Hartford Fire Dept.* v. *Commission on Human Rights & Opportunities*, 43 Conn. App. 666, 666, 684 A.2d 744 (1996).

The plaintiff relies on *Plasil* v. *Tableman*, 223 Conn. 68, 612 A.2d 763 (1992). We are not persuaded because *Plasil* can be distinguished from the present matter. In *Plasil*, the court specifically made a finding of clerical error and such is not the case here. There is no evidence in the record or in the memorandum of decision that the trial court found that a clerk's error prejudiced the plaintiff's appeal. The court noted in its memorandum of decision that "there is no basis for a consideration of prejudice."

The appeal was not filed with the required filing fee prior to the expiration of the mandated forty-five day period. The plaintiff's untimely filing of the appeal did not comply with the statute and deprived the trial court of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

