[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal under the Uniform Administrative Procedure Act ("UAPA"); General Statutes § 4-183; from a decision of Susan F. Cogswell, Commissioner of the State of Connecticut Insurance Department ("Commissioner"), revoking the plaintiffs' licenses to sell insurance in the State of Connecticut. The Commissioner has moved to dismiss the plaintiffs' complaint for failure to meet the jurisdictional deadline set by the UAPA to take an administrative appeal.
In their complaint to this court, the plaintiffs allege that the Commissioner issued a complaint and notice of hearing on October 2, 2000, charging that the plaintiffs violated provisions of the insurance laws of Connecticut. The Commissioner's complaint alleged that the plaintiffs had wrongfully issued an insurance identification card following an automobile accident and that the plaintiffs had failed to comply with the Commissioner's staff's request for information and attendance at a meeting regarding violations of the insurance laws. The plaintiffs were given notice of a hearing for November 15, 2000, as well as notice of the requirement of filing an answer to the charges twenty days after service of the complaint. (Complaint, ¶¶ 1-5, Exhibit A, plaintiffs' complaint.)
The plaintiffs allege that they did not file the answer within twenty days on or about October 24, 2000. (Complaint, ¶ 7.) On October 26, 2000, the Commissioner entered an order of default judgment and order of revocation, reciting the plaintiffs' failure to file an answer, and revoked their licenses. (Complaint, ¶ 8, Exhibit B, plaintiffs' complaint.)
Instead of appealing to the Superior Court from the default judgment CT Page 5263 and order, the plaintiffs filed with the Commissioner on November 27, 2000, a motion to reopen the default pursuant to § 38a-8-63 of the Regulations of Connecticut State Agencies. (Complaint, ¶ 9.) The Commissioner denied the plaintiffs' motion on December 14, 2000, because the plaintiffs failed to file an answer with their motion to reopen as required by § 38a-8-63 and because the Commissioner concluded that the plaintiffs failed to establish good cause for their failure to answer her complaint. (Complaint, ¶ 10, Exhibit E, plaintiffs' complaint.)
On January 16, 2001, the plaintiffs appealed to this court from the Commissioner's October 26, 2000, decision to revoke their licenses as well as the denial on December 14, 2000, of their motion to reopen. The Commissioner has now moved to dismiss the plaintiffs' appeal.
The plaintiffs contend that their appeal from the October 26, 2000, default judgment was timely. The Commissioner was authorized to issue a default judgment on the failure of the plaintiffs to submit an answer. See Regs., Conn. State Agencies § 38a-8-62 ("In any proceeding when the respondent fails to file an answer as required by section 38a-8-61 of these regulations . . . the Commissioner may, in his discretion, note such failure upon the record and render a decision by default").
The plaintiffs rely, however, on § 38a-8-63, allowing for a motion within sixty days to reopen a decision rendered by default, to argue that since they, in fact, made a motion to reopen, the default judgment was not final until the denial of the motion to reopen.[1] The court does not agree with that interpretation.
Under the UAPA, the Commissioner clearly had the authority to resolve her department's license revocation proceeding by default. See General Statutes § 4-177(c) ("[u]nless precluded by law, a contested case may be resolved by stipulation, agreed settlement, or consent order or by the default of a party"). As the Appellate Court remarked in interpreting one provision of this statute: "The duties of the defendant, as the head of an administrative agency, necessarily includes the right to exercise discretion. . . . [T]he essence of such of discretionary power is that the agency or commission may choose which of several permissive courses will be followed. . . . In this case, the defendant entered into a stipulation with the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Albert Mendel Son, Inc. v. Krogh,4 Conn. App. 117, 121 (1985).
The discrete act of entering the default judgment constitutes the final decision in the contested case. In a similar case in the federal courts,In re Lowndes, 95 B.R. 194 (D.Cob. 1989), a bankruptcy court entered a default judgment against pro se defendants who did not appear for a CT Page 5264 hearing. On appeal to the district court from the default, it was argued that, based on further motions made by the parties,[2] there had not been a default judgment entered. The district court disagreed as follows:
 The record shows that the plaintiffs' attorney moved for entry of default judgment and the court granted a default judgment. Also, the judge signed an order for entry of default judgment. The order upon which the default judgment was based recites no findings of fact or conclusions of law. Consequently, the judgment entered was a default judgment. The post- judgment actions of plaintiffs and the orders of the bankruptcy judge do not change the true character of the judgment as one for default.
In re Lowndes, supra, 95 B.R. 196.
Similarly, under Connecticut law, it has been recognized that there is a difference between the entry of a default and the entry of a default judgment. See General Statutes § 52-212; Practice Book §§ 17-19, 17-20, 17-43; Esposito v. Pinecrest Country Club, Inc., 24 Conn. Sup. 81,83 (1962) ("Under our rules of practice, a motion to set aside a default where no judgment has been rendered may be granted by the court upon such terms as it may impose"); Associated Transport, Inc. v. Batchellor,19 Conn. Sup. 285, 287 (1955) ("There is a distinction between a default as such, and a judgment upon default. The former is not a judgment, and the latter is a final judgment").
Thus, the default judgment entered by the Commissioner, for failure of the plaintiffs to submit an answer when due, constituted a final decision in a contested case. The subsequent motion to reopen did not change the finality of the Commissioner's default judgment and order of October 26, 2000. Since the plaintiffs did not appeal within the statutorily-set forty-five day period; General Statutes § 4-183(c); the court is without jurisdiction to consider the plaintiffs' appeal from the order revoking the licenses. Glastonbury Volunteer Ambulance Assn., Inc. v.Freedom of Information Commission, 227 Conn. 848 (1993); Hefti v.Commission on Human Rights Opportunities, 61 Conn. App. 270, 273
(2001). In addition, the request to reopen does not toll the requirement for a timely appeal. Cassella v. Department of Liquor Control,30 Conn. App. 738, 741, cert. denied, 226 Conn. 909 (1993). After a timely appeal, the plaintiff may seek a remand to the agency to take additional evidence. General Statutes § 4-183(h).
This appeal was also taken from the denial of the plaintiffs' motion to CT Page 5265 reopen. The issue here is whether the UAPA permits an appeal from this denial. The plaintiffs state that they make no claim for a review of the Commissioner's denial based upon General Statutes § 4-181 a(a) (UAPA procedure for reconsideration). See also § 4-166 (3)(C) ("Final decision" means "an agency decision made after reconsideration");Fairfield v. Connecticut Siting Council, 238 Conn. 361, 370 (1996) (for plaintiff to appeal from reconsideration, the agency must have reached the merits of the request, not merely "ascertain[ed] whether there was sufficient reason to entertain reconsideration of its prior decision").
In addition, even if the plaintiffs were claiming an appeal under § 4-181 a, they did not make a timely request for reconsideration under § 4-181 a(a). This request must be made within fifteen days of the final decision. Greco v. Commissioner of Motor Vehicles,61 Conn. App. 137, 142 (2000); Hendrix v. Commission On Human Rights andOpportunities, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 96 0560226 (August 28, 1996, Maloney, J.) (under similar statute, the plaintiff cannot claim to be following reconsideration procedure where motion made more than fifteen days from dismissal). Here, the request to reopen was made on November 27, 2000, which is more than fifteen days from the issuance of the default judgment and order.
The argument made by the plaintiffs is rather that under § 38a-8-63
of the Regulations of Connecticut State Agencies, the plaintiffs may request a reopened decision and take an administrative appeal from the Commissioner's action thereon. This regulation, referred to above, reads as follows:
 A respondent may move to reopen any decision rendered by default within sixty (60) days of the entry thereof. The motion shall be in writing and shall state the reasons for the failure of the respondent to answer or appear. If a default was entered for failure of the respondent to file an answer, the respondent shall submit said answer with the motion to reopen. If good cause appears for the failure of the respondent to answer or appear, the Commissioner may grant said motion, and shall schedule the hearing at the earliest date convenient to the Commissioner.
Regs., Conn. State Agencies, § 38a-8-63.
An administrative appeal is solely statutory and is available only under an applicable statute. Chestnut Realty, Inc. v. CHRO, 201 Conn. 350,356 (1986); Office of Consumer Counsel v. Department of Public UtilityCT Page 5266Control, 234 Conn. 624, 640 (1995); Beizer v. Department of Labor,56 Conn. App. 347, 362, cert. denied, 252 Conn. 937 (2000). Further, "[i]t is fundamental that appellate jurisdiction in administrative appeals . . . can be acquired and exercised only in the manner prescribed by statute." (Emphasis added.) United Cable Television Services Corp. v.Department of Public Utility Control, 235 Conn. 334, 341 (1995). See alsoTarnopol v. Connecticut Siting Council, 212 Conn. 157, 166 (1989) (strict compliance with procedural statutes).
Treating § 38a-8-63 as an exception to § 4-181a,[3] the plaintiffs did not comply with the regulation itself, in not appending an answer, as stated as a requirement in the regulation. Moreover, the Commissioner never decided to reopen the default judgment as would be required under Fairfield v. Connecticut Siting Council, supra,238 Conn. 370. This matter is clearly an attempt to appeal from a denial of a motion to reopen, which is not permitted. Ordon v. Department ofPublic Health, Superior Court, judicial district of New Britain, Docket No. CV 00 0504252S (December 8, 2000, Cohn, J.).
Therefore, the defendant's motion to dismiss is granted. The plaintiffs appeal is dismissed.
Henry S. Cohn, Judge