[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Commissioner moves to dismiss the plaintiff's tax appeal due to lack of service as required by General Statutes § 12-730 and §52-64, which deprives the court of subject matter jurisdiction.
The pro se plaintiff commenced this action by filing the summons and complaint with the clerk of the court on April 24, 2001. However, the complaint was not served on the Attorney General in accordance with General Statutes § 12-730 and § 52-64. On July 17, 2001 the plaintiff mailed a copy of the complaint to the Commissioner.
The plaintiff opposes this motion to dismiss on the ground that he relied upon information he claims was given to him by a clerk of the court that service by a sheriff was not necessary. Although he paid a filing fee and recognizance, the plaintiff states that he was told by the clerk that the only thing he had to do was file the complaint in the clerk's office. The plaintiff claims that, as a pro se party unskilled in the law that he had a right to rely on the information he received from the clerk.
Section 12-730 provides that an aggrieved taxpayer may appeal from a determination of the Commissioner within one month after the notice of CT Page 934 the Commissioner's determination is mailed to the taxpayer and "such appeal shall be returnable at the same time and served and returned in the same manner, as is required in case of a summons in a civil action." Section 52-64 provides that service of civil process against the Commissioner of Revenue Services "in any appeal authorized . . . may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford."
The plaintiff recognizes that an appeal taken from the action of the Commissioner should be commenced by service in accordance with § 52-64, but contends that the alleged misstatements by the clerk to him that service by a sheriff was unnecessary provides a basis for the court to conclude that it has jurisdiction since the Commissioner has filed his appearance.
Whether or not the clerk misinformed the plaintiff regarding the need to make service in this case is not germane to the issue of whether the court has subject matter jurisdiction to hear this case. "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; emphasis in original; internal quotation marks omitted.) Hefti v. Commission On HumanRights And Opportunities, 61 Conn. App. 270, 273, 763 A.2d 688, cert. denied, 255 Conn. 948, 769 A.2d 62 (2001); see Jade Aircraft Sales v.Crystal, 43 Conn. Sup. 10, 12-13, 637 A.2d 415 (1994).
In Hefti, the plaintiff claimed that the clerk misled her, resulting in her failure to timely file her appeal. The court in Hefti, relying onTarnopol v. Connecticut Siting Council, 212 Conn. 157, 165, 561 A.2d 931
(1989), affirmed the trial court's decision that it lacked subject matter jurisdiction to hear the plaintiff's case. "In cases involving administrative appeals, even where appellants may have been misled by the actions or inactions of employees of the clerk's office, our Supreme Court has not deviated from the established principles of strict compliance." Hefti v. Commission on Human Rights and Opportunities,
supra, 61 Conn. App. 274. "While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance."Tarnopol v. Connecticut Siting Council, supra, 212 Conn. 165; see Heftiv. Commission on Human Rights and Opportunities, supra, 61 Conn. App. 274.
Since the plaintiff failed to properly serve the complaint in this CT Page 935 action, the court lacks subject matter jurisdiction to hear this matter. The Commissioner's motion to dismiss is granted.
Arnold W. Aronson Judge Trial Referee