[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
On September 23, 2002, the plaintiffs, Christine Olsen, et al., who are citizens of Sherman, Connecticut, appealed from the decision of the defendant, Dennis Witzke, the Town of Sherman tree warden, to remove an oak tree located on Evans Hill Road in Sherman. According to the plaintiffs' complaint, in May 2002, a large limb fell from the tree whereupon the defendant inspected it, deemed it hazardous and posted it for removal pursuant to General Statutes § 23-59. A public hearing followed on September 7, 2002, at which the plaintiffs objected to the potential removal. On September 10, 2002, the defendant rendered a final decision to remove the tree. The plaintiffs, who are appearing pro se, filed the appeal on September 23, 2002.
On October 23, 2002, the defendant filed a motion to dismiss, accompanied by a memorandum in support. On November 8, 2002, the plaintiffs filed an objection and a memorandum in opposition to the motion to dismiss.
 DISCUSSION
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, `essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" Kizis v. Morse Diesel International, Inc., 260 Conn. 46,51, 794 A.2d 498 (2002). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Ganimv. Smith Wesson Corp., 258 Conn. 313, 326, 780 A.2d 98 (2001).
The defendant moves to dismiss the plaintiffs' complaint on the ground CT Page 4049 that the court lacks subject matter jurisdiction because the plaintiffs did not commence the appeal within the ten-day time period allowed by § 23-59. In opposition, the plaintiffs put forth four arguments: (1) the language of § 23-59, which provides that "the party aggrieved by such decision may, within 10 days, appeal therefrom . . .," is not mandatory in nature and therefore does not affect subject matter jurisdiction nor is it proper grounds to dismiss their claim; and (2) the plaintiffs made a good faith effort to commence this action on September 20, 2002, but because of their misunderstanding of a court clerk's advice, they did not file their appeal until September 23, 2002; and (3) ten days from September 11, 2002, the date the defendant notified the plaintiffs of his decision, was Saturday, September 21, 2002, and the plaintiffs filed their appeal on September 23, 2002, the next business day available for filing; and (4) the defendant had notice of the plaintiffs' appeal on September 20, 2002, and therefore has not been prejudiced.
"Appeals to courts from administrative agencies exist only under statutory authority . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . . Dismissal is required in such a situation because, if the appellant lacks standing to appeal the case, the court lacks jurisdiction to hear the appeal . . . A jurisdictional defect may be brought to the attention of the court at any time, and, if the court lacks jurisdiction, it must dismiss the case either on the motion of a party or on its own motion." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counselv. Department of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251
(1995). "[T]he general rule [is] that a time limitation on the enforcement of a right, created by statute and not existing at commonlaw, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action." (Emphasis in original; internal quotation marks omitted.) Commissioner of Transporation v.Kahn, 262 Conn. 257, 266-67, 811 A.2d 693 (2003).
The right to appeal from a tree warden's decision is governed by §23-59 of the General Statutes. That section sets the time limit on the right to appeal and provides in pertinent part: "Within three days after such hearing [debating the warden's posting a tree for removal], the tree warden shall render a decision granting or denying the application, and the party aggrieved by such decision may, within ten days, appeal therefrom to the superior court for the judicial district within which such town or borough is located." As a matter of grammatical construction, the legislature's use of the word "may" refers to a party's right to appeal while the ten day period is the time within which that CT Page 4050 right may be exercised. Therefore, the plaintiffs' first argument is meritless.
The excuses that the plaintiffs offer for their failure to comply with the statute in their second and fourth arguments also lack merit. "While the trial court can show some degree of leniency toward a party when there is evidence that it was misguided by court personnel, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." (Internal quotation marks omitted.) Tarnopol v. Connecticut Siting Council, 212 Conn. 157,165, 561 A.2d 931 (1989); see also Hefti v. Commission on Human Rights Opportunities, 61 Conn. App. 270, 274, 763 A.2d 688 (2001) ("In cases involving administrative appeals, even where appellants may have been misled by the actions or inactions of employees of the clerk's office, our Supreme Court has not deviated from the established principles of strict compliance."). Moreover, "[t]here are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards." Basilicato v. Dept. of Public Utility Control,197 Conn. 320, 324, 497 A.2d 48 (1985).
Where an aggrieved party was allowed ten days by statute to appeal an administrative decision, the court in Kudlacz v. Lindberg Heat TreatingCo., stated that the legislature "[u]ndoubtedly . . . intended this provision to mean ten days after notice to the party of the entry of suchfinding; otherwise, in the event of the failure of the [agency] to notify the party of [its] finding and award within the ten-day period, the taking of the appeal would be fruitless." (Emphasis in original; internal quotation marks omitted.) Kudlacz v. Lindberg Heat Treating Co.,250 Conn. 581, 588, 738 A.2d 135 (1999). With regard to the plaintiffs' third argument, the defendant has submitted the affidavit of Arthur vonPlachecki, the first selectman of Sherman, Connecticut, which states that he "hand delivered the decision to the Sherman Post Office and mailed it [to the plaintiffs] on September 11, 2002." (vonPlachecki affidavit, ¶ 3). The plaintiffs have provided the affidavit of Christine Olsen, a plaintiff in this case, which states that "[t]he defendant's decision was posted at the tree site on Evans Hill Road on September 11, 2002," but the affidavit does not offer the date they received the decision mailed by Mr. vonPlachecki. (Olsen affidavit, ¶ 4). Regardless of when the plaintiffs received Mr. vonPlachecki's official notice of decision, they admit that they were first aware of it on September 11, 2002. Since ten days from the date the plaintiffs received notice of the defendant's decision was Saturday, September 21, 2002, the plaintiffs' appeal is timely because it was filed on Monday, September 23, 2002, which was the next business day. Practice Book § CT Page 40517-17 explicitly allows for such procedure.[1]
For the foregoing reasons, the defendant's motion to dismiss is denied.
White, J.